JOSEPH L. MINER v. CHARLES A. LORMAN.

*Partnership—Settlement of balances—Limitation of actions—Part payment—New promise—Nudum pactum.*

1. Part payment of a demand, though neither a contract nor in itself a promise, is an acknowledgment of the continued existence of the demand, and waives the right to plead the statute of limitations upon such lapse of time as may have preceded the payment. And it renews from its date whatever right of action existed before.

2. A part payment cannot give vitality to a void promise to pay.

3. One partner cannot at law sue another after dissolution of the firm, for the amount which would have been due him on an accounting, unless defendant has expressly promised to pay it. But a payment made after the statute of limitations has run is not such a promise; and a promise then made, though based on a good consideration would be nudum pactum if not in writing.

Error to Wayne. (Speed, J.) Jan. 23—Jan. 28.

ASSUMPSIT. Defendant brings error. Reversed.

*John G. Hawley* and *George H. Prentis* for appellant. An account stated will not support recovery where the indebtedness is barred, unless there is a written acknowledgment of, or promise to pay it: *Sperry v. Moore's Estate* 42 Mich. 360; an oral direction by A to apply money due him from B upon a debt which A owes C, is not such a payment as will take a case out of the statute of limitations: *Winchester v. Sibley* 132 Mass. 273; nor does payment of part of a sum claimed take a case out of the statute unless there is a promise in writing to pay the rest: *Waugh v. Cope* 6 M. & W. 824; *Davies v. Edwards* 6 Eng. L. & Eq. 520; *Wainman v. Kynman* 1 Exch. 118.

*Wm. J. Gray* and *C. J. Reilly* for appellee. At common law, the bar of the statute of limitations might be removed (1) by part payment; (2) by acknowledgment or new promise: *Ten Eyck v. Wing* 1 Mich. 40; *Chandler v. Lawrence* 3 Mich. 267; *Mainzinger v. Mohr* 41 Mich. 685; payment might be in goods: *Sibley v. Lumbert* 30 Me. 253; or in a promissory note: *Smith v. Ryan* 66 N. Y. 352; a distinction between payments or promises made before bar and those after bar is alleged: Angell on Limitations (6th ed.) 267 n.; but the following cases imply that there is no distinction: *Esselstyn v. Weeks* 2 Kern. 635; *Deloach v. Turner* 7 Rich (S. C.) 143; *McLaren v. McMartin* 36 N. Y. 88; *Tompkins v. Brown* 1 Den. 247; *Shoemaker v. Benedict* 11 N. Y. 186; *Miller v. Baschore* 83 Penn. St. 356; in the following cases the promise or payment was subsequent to the bar: *Kincaid v. Archibald* 73 N. Y. 189; *Kirby v. Mills* 78 N. C. 124; *Ilsley v. Jewett* 2 Met. 168; *Bliss v. Allard* 49 Vt. 350; the following cases held there was no distinction: *Carshore v. Huyck* 6 Barb. 583; *Mason v. Howell* 14 Ark. 201; *Dean v. Hewit* 5 Wend. 257; *Wheelock v. Doolittle* 18 Vt. 440; *Yaw v. Kerr* 47 Penn. St. 333; *Pearce v. Zimmerman* Harper (S. C.) 305; *Malone v. Searight* 8 Lea (Tenn.) 91; *Schmucker v. Sibert* 18 Kans. 104; *Langston v. Aderhold* 60 Ga. 376; *Shannon v. Austin* 67 Mo. 485; under the Ohio statute it was decided that a promise subsequent to the bar did not revive the debt, but that suit must be on the new promise: *Hill v. Henry* 17 Ohio 9; payment on account ten years after the last preceding transaction keeps the account alive: *Payne v. Walker* 26 Mich. 60.

COOLEY, C. J. Plaintiff seeks to recover upon an account stated. The defense is, the statute of limitations. Plaintiff was the witness to make out his own case, and the facts, as stated by him, are the following:

The parties formed a partnership in 1869 and carried on business as partners until the beginning of 1874 when, with others, they formed a corporation for the continuance of the same business, being themselves the principal stockholders. When the partnership terminated there was no accounting, but the fact was known to the parties that there would be a thousand dollars or so to be paid the plaintiff from the defendant on full settlement, and defendant told plaintiff if he would let it run defendant would pay interest on it. No

payment, however, was made, and no accounting until in December 1881, when Sanderson, the book-keeper of the partnership, by plaintiff's direction drew off from the books a statement showing balance to the credit of plaintiff $2488.39; to the credit of defendant $296.53; difference, $2191.86; one-half of this, $1095.93. This, the plaintiff says, was the amount coming to him on settlement, and this the defendant agreed to pay with eight years' interest. The plaintiff also testifies that defendant then paid him on settlement as follows: By conveyance of defendant's interest in two lots $800; by difference in exchange of other lots, $200; by rent moneys collected and applied by defendant's direction, $311.23. The interest added to the principal claimed made the amount $1709.65, from which plaintiff deducted the payments above stated, and claimed to recover the balance.

Defendant denied in positive terms that he came to any settlement with plaintiff in December 1881, or that he then made any promise to pay interest on the balance that would be due on settlement of the old partnership accounts. On the contrary he claimed to have an equity against the plaintiff to excuse him from paying even the principal. His testimony was supported by that of Sanderson, and plaintiff went to the jury relying for a recovery on his own evidence, contradicted as to the fact of promise to pay, by both defendant and Sanderson. Nevertheless the jury found for the plaintiff.

On this state of the record we must assume that the facts are as the jury have found them on the plaintiff's testimony; and the question now is whether they warranted a judgment for the plaintiff.

Taking the plaintiff's evidence as true, the partnership accounts were never adjusted until December, 1881. The parties had some knowledge of the state of accounts, and knew that on settlement something like two thousand dollars would be owing by the partnership to the plaintiff, or, if the defendant adjusted it, about one thousand dollars owing by him. But no balance was struck, no account stated, until the date last mentioned.

This statement is sufficient to show that the present action cannot be maintained. The plaintiff, previous to December 1881, had never had any claim against the defendant upon which an action at law could have been maintained. The defendant was not indebted to the plaintiff in any sum whatever ; the partnership was indebted to him, and he was entitled to have the defendant come to an accounting with him in respect to all partnership dealings. On that accounting it would have appeared that the partnership was indebted to each of the partners ; but in the larger sum to the plaintiff ; and that a payment by defendant to the plaintiff of the sum of $1095.93 would have accomplished a settlement of all partnership matters. But the plaintiff could not have sued the defendant for this sum, because it was not the defendant's debt ; it was only one-half the partnership debt to the plaintiff after deducting therefrom what the partnership owed the defendant. Any action at law to recover the amount must have failed, unless supported by evidence of an express promise on the part of defendant to pay it.

It is not claimed there was either an express promise or an accounting before December, 1881, eight years after the partnership terminated, and two years after the statutory limit for actions upon open accounts had been passed. The statute provides that " In actions founded upon contract express or implied, no acknowledgment or promise shall be evidence of a continuing contract, whereby to take a case out of the provisions of this chapter,"—the Statute of Limitations —" or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing, signed by the party to be charged thereby." How. Stat. § 8725. But nothing in this or other sections is to " alter, take away, or lessen the effect of a payment of any principal or interest, made by any person." Id. § 8729. The plaintiff has no promise in writing, and relies wholly on the payments which he testifies were made at the time of the accounting.

The payments, on the plaintiff's own showing, more than pay the principal sum that would have been coming to him

if an accounting had been had at the time the partnership was dissolved. Nothing is in question, therefore, but a portion of the sum which the plaintiff claimed for interest ; and what is now to be determined is, whether the payments made convert into a legal liability the obligation to satisfy the balance of this claim.

The statute does not prescribe what effect part payment of a demand shall have, but it is familiar law that it operates as an acknowledgment of the continued existence of the demand, and as a waiver of any right to take advantage, by plea of the statute of limitations, of any such lapse of time as may have occurred previous to the payment being made. The payment is not a contract; it is not in itself even a promise ; but it furnishes ground for implying a promise in renewal from its date, of any right of action which before may have existed.

Now, treating the payments testified to in this case as such an acknowledgment and waiver, what do we have ? An acknowledgment that at the beginning of 1874 there would have been a balance payable to the plaintiff on a settlement of the partnership accounts beween these parties, and a waiver of the objection of lapse of time as a bar to a recovery in respect to it. But a suit at law to recover such a balance must necessarily fail, because the fact acknowledged will not support such a suit. If the suit were brought, no plea of the statute of limitations would be necessary to defeat it, for it would appear on a mere statement of facts that the plaintiff was entitled, not to a judgment at law, but to an accounting in equity.

The promise to pay, said to have been made in December 1881 could not aid the plaintiff, for though the consideration for it was sufficient, it was ineffectual under the statute, and therefore came into existence as a mere nudum pactum. If we consider the payments as made upon this new promise rather than upon the original consideration, the suit must nevertheless fail, for the acknowledgment of the continued existence of a nudum pactum is not an admission which can support a right of action. The plaintiff is seeking in this

suit, by proof of the payments, to impart to the void promise a vitality which otherwise it could not possess ; thus making the payments the integral and vital part of an original promise to pay something further. But there is no principle of law that can give the payments such an effect.

A new trial must be ordered.

The other Justices concurred.