## NEILANDS v. WRIGHT.

1. STATUTE OF LIMITATIONS—JUDGMENTS—PART PAYMENTS.
   A part payment upon a judgment by a policeman of Detroit
   suspended the running of the statute of limitations, though
   policemen, in order to hold their positions, were required to
   pay their debts.

2. SAME—DURESS.
   The fact that a judgment in justice's court was obtained
   against the defendant without his knowledge, as there was an
   agreement that the case should be dropped, and that he was
   unable to appeal, does not indicate that payments upon the
   judgment while the defendant was a policeman, and required
   by law or rules to pay his debts, were made under such
   circumstances as to repel the presumption that he recognized
   his obligation to pay it.

Error to Wayne; Frazer, J. Submitted June 3, 1903.
(Docket No. 11.) Decided July 8, 1903.

*Assumpsit* by Abraham Neilands against Frederick J.
Wright to recover a balance due upon a judgment. From
a judgment for plaintiff on verdict directed by the court,
defendant brings error. Affirmed.

*Corliss, Andrus, Leete & Joslyn* (*Ray B. Morgan*, of
counsel), for appellant.

*John Considine, Jr.* (*Galloway & Graham*, of coun-
sel), for appellee.

CARPENTER, J. This suit was commenced February
12, 1901, on a judgment rendered in justice court on the
25th of January, 1894. The defense was that the claim
was barred by the statute of limitations. Defendant had
made several payments,—the first September 26, 1894,
and the last December 10, 1900,—aggregating $169.75, to
apply on said judgment. On the trial, defendant's coun-

sel stated that the only question he raised was that payment on a judgment does not take it out of the statute of limitations. The trial was adjourned to the following day. He then stated:

"When payments were made on this judgment, they were made under duress. Mr. Wright, at the time or soon after the judgment was rendered, went onto the police force; and under their requirement at that time, and under the police law now, policemen had to pay their debts. The police commission did not go behind the judgment, whether it was right or wrong. Mr. Wright was not able, at the time judgment was rendered, to take an appeal,—in fact, did not know that there had been a judgment, because, by an agreement between him and the plaintiff, the case was to be dropped. Yet a judgment was rendered against him in such a sum that he was not able to give a bond. The payments that were made upon this judgment were made under duress."

The court replied, "I do not think all you state amounts to duress," and thereupon charged the jury to render a verdict for the plaintiff for the balance of the judgment.

The objection now urged, and upon which defendant seeks a reversal of the judgment, is that "he was not allowed to go into the merits of his case, in order that he might show that the payments made by him were not a recognition of the indebtedness, nor a promise to pay the balance of the judgment." Defendant's counsel rely upon *Jewett* v. *Petit*, 4 Mich. 508; *Parsons* v. *Clark*, 59 Mich. 417 (26 N. W. 656); and *Lester* v. *Thompson*, 91 Mich. 254 (51 N. W. 893). In each of these cases it was held that a payment made upon a claim under such circumstances as to repel the presumption that the debtor thereby recognized his obligation to pay the entire debt did not prevent the running of the statute of limitations. These decisions, in our judgment, have no application to the case made by the record. Defendant's claim that the judgment was obtained in the manner stated by his counsel in no way indicated that the payments on said judgment were made under such circumstances as to repel the presumption that defendant thereby recognized his obligation

to pay it.    The trial judge was bound to presume, and
this court must presume, that these payments were un-
accompanied by any fact or circumstance which would
tend to qualify their presumed effect.    That such a pay-
ment interrupts the operation of the statute of limitations
is indicated by the cases relied upon by defendant's counsel.
The rule of law applicable to this case is clearly stated by
Judge COOLEY in *Miner* v. *Lorman*, 56 Mich. 216 (22
N. W. 266), in the following language:

"The statute does not prescribe what effect part pay-
ment of a demand shall have, but it is familiar law that
it operates as an acknowledgment of the continued exist-
ence of the demand, and as a waiver of any right to take
advantage, by plea of the statute of limitations, of any
such lapse of time as may have occurred previous to the
payment being made."

The judgment of the court below must therefore be
affirmed.

The other Justices concurred.