ALPENA FRIEND OF THE COURT ex rel PAUL v DURECKI

Docket No. 128559. Submitted November 5, 1991, at Lansing. Decided June 16, 1992; approved for publication September 3, 1992, at 9:10 A.M.

The Alpena Friend of the Court, on behalf of Virginia Paul, petitioned the Alpena Circuit Court for an order to show cause why Arnold Durecki should not be held in contempt for his refusal to pay child support pursuant to a 1962 judgment of divorce. Following a hearing, the court, Robert R. Ferguson, J., ordered Durecki to show cause, holding that each child support payment became an enforceable judgment as it became due, that the ten-year statute of limitation for judgments was applicable, but that the respondent's 1988 partial payment of the arrearage acted as an acknowledgment of the judgment debt that waived the defense of the statute of limitation. The respondent appealed.

The Court of Appeals *held:*

The respondent's partial payment of the arrearage acted as an acknowledgment of the continuing validity of the judgment debt that waived the defense of the statute of limitation and allowed enforcement of the obligation. The respondent's claim that there should be no waiver of the defense of the statute of limitation because the 1988 payments were made under duress caused by threatened contempt proceedings is without either legal or factual support.

Affirmed.

Divorce — Child Support — Enforcement of Judgments — Limitation of Actions — Waiver.

Partial payment of a child support arrearage acts as an acknowledgment of the continuing validity of the judgment debt and thereby waives the defense of the statute of limitation in a

References

Am Jur 2d, Divorce and Separation § 1073; Limitation of Actions §§ 360 *et seq.*

Statute of limitations, laches, or acquiescence as defense to action or proceeding for alimony or support of child allowed by court order or decree. 70 ALR2d 1250.

proceeding to enforce the judgment debt (MCL 600.5809[3]; MSA 27A.5809[3]).

*Donald G. Field,* for the respondent.

Amicus Curiae:

*Roland C. Fancher,* Alpena Friend of the Court.

Before: MacKenzie, P.J., and Sullivan and G. S. Allen,* JJ.

Per Curiam. Respondent appeals from an opinion and order, which essentially denied his motion to dismiss proceedings to enforce payment of his child support arrearage. We affirm.

Respondent and the relator were divorced in 1962. At the time of the divorce, they had two minor children. Respondent was ordered to pay child support of $10 a week for each child. This amount was never modified.

The record establishes that respondent was chronically in arrears on his child support obligation despite repeated attempts to collect from him. The record also suggests that there had been ongoing negotiations between respondent and petitioner regarding payment of the arrearage. In 1988, respondent made ten payments to petitioner in an effort to reduce the arrearage. This case arises from a bench warrant issued in June 1989, when respondent's arrearage was approximately $8,400.

At a hearing on the bench warrant, respondent indicated that his last support payment was due on August 21, 1977, the date the younger child reached the age of majority. Respondent argued that the proceedings against him should be dis-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

missed because enforcement of the support obligation was being sought more than ten years after that date, contrary to the ten-year statute of limitation for actions founded upon a court judgment, MCL 600.5809(3); MSA 27A.5809(3). The petitioner's position was that the ten-year limitation period did not apply to this case, but that even if it did, respondent's payments made after the expiration of the limitation period waived the statute of limitation defense.

The trial court ruled that the ten-year limitation period applied, citing MCL 552.603; MSA 25.164(3), which provides that a support order is a final judgment on or after the date each support payment is due. However, the court agreed with the petitioner that payments made after the limitation period operated as an acknowledgment of respondent's child support obligation and as a waiver of the defense of the statute of limitation.

On appeal, respondent contends that the trial court erred in concluding that he waived the limitation period as a defense by making payments on the arrearage. Petitioner has not cross appealed the court's decision regarding the applicability of the statute of limitation. We note, however, that this Court recently held that the ten-year limitation period of MCL 600.5809(3); MSA 27A.5809(3) applies to an action to collect a child support arrearage. *Ewing v Bolden,* 194 Mich App 95; 486 NW2d 96 (1992).

In arguing that his payments did not waive the statute of limitation defense, respondent relies on MCL 600.5865; MSA 27A.5865 and MCL 600.5866; MSA 27A.5866, which allow revival of time-barred obligations to pay contractual debts on the basis of certain writings. These statutes are inapposite to the situation in this case, however. As stated by our Supreme Court in *Miner v Lorman,* 56 Mich

212, 216; 22 NW 265 (1885), in discussing the identical predecessor statutory provisions:

> The statute does not prescribe what effect part payment of a demand shall have, but it is familiar law that it operates as an acknowledgment of the continued existence of the demand, and as a waiver of any right to take advantage, by plea of the statute of limitations, of any such lapse of time as may have occurred previous to the payment being made. The payment is not a contract; it is not in itself even a promise; but it furnishes ground for implying a promise in renewal from its date, of any right of action which before may have existed.

In *Collateral Liquidation, Inc v Palm,* 296 Mich 702; 296 NW 846 (1941), our Supreme Court again explained that a payment is equivalent to a new promise to pay on an obligation and extends the application of the statute of limitation. More recently, this Court held in *Federal Deposit Ins Corp v Garbutt,* 142 Mich App 462; 370 NW2d 387 (1985), that a partial payment made on a note after it matures serves to revive the statute of limitation, and a cause of action begins to accrue on that date. See also *Bonga v Bloomer,* 14 Mich App 315; 165 NW2d 487 (1968). Consistent with these authorities, we find no error in the trial court's ruling in this case. Respondent had a legal obligation to make child support payments, and his acknowledgment of the continuing vitality of that debt waived the defense of the statute of limitation and allowed enforcement of the obligation.

Respondent's claim, that the rule of *Miner* and its progeny does not apply in this case because his payments were involuntary, is without merit. The basis of respondent's claim of involuntariness—

that the 1988 payments were made under duress because they were made to avoid being held in contempt of court—is without both record and legal support. See *Neilands v Wright,* 134 Mich 77; 95 NW 997 (1903).

Affirmed.