WAYNE COUNTY SOCIAL SERVICES DIRECTOR v YATES

Docket No. 244191. Submitted February 11, 2004, at Detroit. Decided March 9, 2004, at 9:10 A.M.

The Wayne County Social Services Director filed a complaint in 1978 in the Wayne Circuit Court on behalf of David A. Yates, Jr., and Tracie L. Yates, minors, against David A. Yates and Brenda J. Yates, seeking support on behalf of the defendants' children. The defendant parents had divorced in 1977, but the judgment contained no provision regarding child support, and Brenda Yates, the custodial parent, was a recipient of Aid to Dependent Children payments. An order was entered in 1978 requiring David Yates to pay child support. Modest support payments were received in 1979 and 1988. The Wayne County friend of the court filed an action in Florida, where David Yates had relocated, under the Revised Uniform Reciprocal Enforcement of Support Act, MCL 780.151 *et seq.*, and a judgment was entered in 1990 requiring David Yates to pay current support and arrearages. The younger of the two children reached the age of eighteen in 1990. Income was withheld from David Yates in 1990, 1996, 1997, and 1998 and applied toward his support obligation. However, a substantial arrearage remained by April 2002 when David Yates filed a motion in the Wayne Circuit Court, Family Division, seeking to extinguish the child support arrearage on the basis that the period of limitations had expired. The court, Maria L. Oxholm, J., denied the motion. David Yates appealed by leave granted.

The Court of Appeals *held*:

The ten-year period of limitations provided in MCL 600.5809(3) applies to this action. The income withholding payments made during the 1990s amounted to renewals of the full child support obligation and served to extend the period of limitations. The nature of the payments did not render them involuntary.

Affirmed.

1. LIMITATION OF ACTIONS — PAYMENTS ON DEBTS.

Any payment on a debt, whether before or after the running of the period of limitations, acts to extend the limitations period.

2. Limitation of Actions — Child Support Payments — Income Withhold-
   ing.

   Child support payments made pursuant to income withholding
   following a judgment ordering child support waive a statute of
   limitations defense regarding the payment of the child support
   debt without regard to the paying party's consent to such pay-
   ments.

*Weisman, Young, Schloss & Ruemenapp, P.C.* (by
*John A. Ruemenapp*), for David A. Yates.

Before: Neff, P.J., and Wilder and Kelly, JJ.

Neff, P.J. Defendant David Allen Yates appeals by
leave granted from a trial court order denying his
motion to extinguish child support arrearage on the
asserted ground that the period of limitations had run.
We affirm.

I

The essential facts are not in dispute.[1] David and
Brenda Yates were divorced in 1977. There were two
minor children of the marriage, but the divorce judg-
ment did not contain a provision for child support.
Because Brenda Yates, the custodial parent, was a
recipient of Aid to Dependent Children payments, the
Wayne County Social Services Director filed a com-
plaint for support on behalf of the children, and an
order was entered in 1978 requiring David Yates to pay
$60 a week in child support.

Mr. Yates was anything but diligent in meeting his
support obligations. In 1981, the matter was referred to
the Tax Intercept Program. Modest payments were
received in 1979 and 1988. After David Yates relocated
to Florida where he was self-employed, the Wayne

---

[1] Plaintiff has not filed a brief on appeal.

County friend of the court filed an action under the Revised Uniform Reciprocal Enforcement of Support Act, MCL 780.151 *et seq.*, which resulted in the entry of an order of support in the Circuit Court for Lee County, Florida. The order entered on February 16, 1990, required Yates to pay $72.10 a week on current support and arrearages. There was income withholding in 1990, 1996, 1997, and 1998; the amounts ranged from $246 to $2,447.50. By April 2002, the arrearage totaled $40,678.94.

The younger of the two children reached the age of eighteen in 1990. On April 23, 2002, David Yates filed a motion to extinguish the child support arrearage on the basis that the period of limitations had expired. The motion was denied and David Yates appealed.

II

Where no factual dispute exists, as in this case, whether a claim is barred by the statute of limitations is a question of law that we review de novo. *Pitsch v ESE Michigan, Inc,* 233 Mich App 578, 600; 593 NW2d 565 (1999).

III

There is no question that the applicable statute of limitations is MCL 600.5809(3),[2] which provides for a ten-year period of limitations in child support enforcement actions. See *Alpena Friend of the Court ex rel Paul v Durecki,* 195 Mich App 635, 637; 491 NW2d 864

---

[2] This statute was amended by 1996 PA 275, effective January 1, 1997. However, this Court has held that the amendment does not apply retroactively and that the pertinent section of the statute that applies is determined by the date the youngest child turned eighteen, in this case 1990, before the statute was amended. *Rzadkowolski v Pefley,* 237 Mich App 405, 411; 603 NW2d 646 (1999).

(1992); *Ewing v Bolden,* 194 Mich App 95, 99; 486 NW2d 96 (1992). Because the younger of the two children turned eighteen in 1990, the period of limitations would have expired in 2000, before David Yates filed his motion to extinguish the child support arrearage, *unless* the running of the period was *extended.* Yates's income withholding payments in 1990, 1994, 1996, 1997, and 1998 were made *after* the children turned eighteen but *before* the limitations period expired.

The sole question in this case is whether the period of limitations was *extended* by payments made *before* the limitations period ran.[3] That is, can partial payment within the period of limitations—the income withholding payments made during the 1990s—operate to extend it?[4] We hold that it can.

IV

Defendant argues that because he made no payment, voluntary or otherwise, *after* the period of limitations expired, there is no authority to support an extension of the limitations period. We disagree.

In *Yeiter v Knights of St Casimir Aid Society,* 461 Mich 493, 494; 607 NW2d 68 (2000), the Supreme Court held that partial payments on a debt, "some of which were within the limitation period," constituted a renewal of the promise to pay the amount owed. In *Yeiter,*

---

[3] Partial payment of a child support obligation made *after* the expiration of the period of limitations is an acknowledgment of the debt and a waiver of the defense. *Durecki, supra* at 638.

[4] The lower court record contains no indication of whether any order of surcharge for late support payments was entered pursuant to MCL 552.603a. Whether any such order was entered and, if so, what the effect might be on the running of the period of limitations are not considered here.

the debt was a series of loans that the defendant partially repaid. However, when the plaintiff sued for the remainder, the defendant claimed that the statute of limitations barred recovery. In rejecting the defendant's statute of limitations argument, the Court pointed out that some of the payments were made less than six years before the filing of the complaint,[5] but were unaccompanied by any declaration or circumstance that would rebut the presumption that they were "an acknowledgment of the full obligation." *Id.* at 500. In discussing the effect of partial payments on the statute of limitations issue, the Court cited *Miner v Lorman,* 56 Mich 212, 216; 22 NW 265 (1885), for the proposition that such payment implies a renewal as of the date of the payment of the promise to pay. More specifically, the Court held:

> [A] partial payment restarts the running of the limitation period unless it is accompanied by a declaration or circumstance that rebuts the implication that the debtor by partial payment admits the full obligation. [*Yeiter, supra* at 497.]

Although *Yeiter* did not involve a child support arrearage, the holding is clear that any payment on a debt, whether before or after the running of the period of limitations, acts to extend the limitations period. The child support obligation in this case was a debt, and payments were made pursuant to the income withholdings.

Plaintiff argues, in essence, that his payments were involuntary because they were made pursuant to an income withholding order. The logical thrust of the argument is that the payments could not represent a renewed promise to pay under these circumstances. This Court's holding in *Durecki, supra,* rejects that very

---

[5] The applicable statute of limitations was MCL 600.5807(8), which relates to contract actions.

argument. In *Durecki,* the defendant argued that his payments were involuntary because they were made to avoid being held in contempt of court. This Court held that the claim of duress and therefore involuntariness was without record and legal support, citing both *Miner, supra,* and *Neilands v Wright,* 134 Mich 77; 95 NW 997 (1903). See also *Morehead v Hoffdal,* unpublished memorandum opinion of the Court of Appeals, issued September 25, 1998, (Docket No. 201019), where a panel of this Court held that successful actions to collect a child support judgment by income tax refund intercepts within the limitations period waived the statute of limitations defense without regard to the consent of the paying party.

Accordingly, we hold that the income withholding payments in the 1990s amounted to renewals of the full child support obligation and thereby served to extend the period of limitations.[6] We further hold that the nature of the payments did not render them involuntary.

The order denying defendant's motion to extinguish child support arrearage is affirmed.

---

[6] The right to interpose a statute of limitations defense is not a vested right. *Bessmertnaja v Schwager,* 191 Mich App 151, 154; 477 NW2d 126 (1991).