ARKIN DISTRIBUTING COMPANY v JONES

Docket No. 287932. Submitted February 10, 2010, at Detroit. Decided April 13, 2010, at 9:15 a.m.

Arkin Distributing Company obtained a default judgment in the Oakland Circuit Court in 1991 against Donna J. Jones and her husband. The judgment was for money that plaintiff alleged Jones had embezzled from it. Jones subsequently pleaded nolo contendere to 24 counts of embezzlement and was sentenced to prison in 1995. Following her release, she made monthly restitution payments to plaintiff beginning in 1998. After her discharge from parole in January 2003, she continued to make monthly payments to plaintiff until January 2008. Jones's husband died in 2007, and she received additional assets. Plaintiff began collection proceedings on the default judgment, and Jones moved to quash the execution. The court, Edward Sosnick, J., granted the motion, and plaintiff appealed.

The Court of Appeals *held*:

The trial court abused its discretion by granting Jones's motion. MCL 600.5809(3) provides that the period of limitations for an action founded on a judgment is 10 years. Any payment on a debt, however, regardless of whether it is made before or after the expiration of the limitations period, extends the limitation period. A discharge from parole is a remission of the remaining portion of a defendant's sentence. Following her discharge, Jones was no longer subject to the jurisdiction of the Department of Corrections and was no longer required to comply with the parole condition regarding restitution. Thus, the payments Jones made after her discharge from parole constituted a recognition of her remaining civil obligation to plaintiff and an indication of her intention to pay it. Her continued payments to plaintiff extended the period of limitations under MCL 600.5809(3) through January 2018.

Reversed.

JUDGMENTS — EXECUTION OF JUDGMENTS — LIMITATION OF ACTIONS — PAYMENTS ON JUDGMENTS.

The period of limitations for an action founded on a judgment or decree is 10 years from the rendition of the judgment or decree,

but any payment on the judgment extends the limitations period, regardless of whether the person makes the payment before or after the limitations period expires (MCL 600.5809[3]).

*Barris, Sott, Denn & Driker, P.L.L.C.* (by *Stephen E. Glazek* and *Erica Fitzgerald*), for plaintiff.

*Hyman Lippitt, P.C.* (by *Norman L. Lippit* and *Daniel J. McCarthy*), for defendant.

Before: GLEICHER, P.J., and O'CONNELL and WILDER, JJ.

PER CURIAM. Plaintiff appeals by leave granted an order granting defendant's motion to quash execution of a default judgment against defendant. We reverse.

I

Plaintiff operated as a wholesale distributor of children's toys until 1995. Defendant was employed by plaintiff as a bookkeeper from 1970 to 1991, during which time she handled all of plaintiff's banking and cash. In 1991, plaintiff alleged that defendant had embezzled more than $562,000 over a 10-year period. Plaintiff commenced a civil action against defendant and her husband, Gary Jones. Defendant failed to defend the action, and a default judgment was entered on July 24, 1991, against defendant in the amount of $562,664.97, plus interest totaling $165,743.56. Following a bench trial on the remaining claims against Gary Jones, on January 8, 1993, the trial court granted plaintiff constructive trusts in certain assets owned by defendant and Jones, such as bank accounts and real property.

In separate criminal proceedings, defendant pleaded nolo contendere to 24 counts of embezzlement by an

agent or trustee of more than $100, former MCL 750.174. Pursuant to resentencing ordered by this Court in *People v Jones,* unpublished memorandum opinion of the Court of Appeals, issued March 10, 1995 (Docket No. 165512), defendant was sentenced on July 17, 1995, to 4 to 10 years in prison, with restitution of $537,432.10 to be a parole condition. Defendant was apparently released from prison 1½ years later. As a condition of her parole, defendant began making monthly payments of at least $200 in May 1998. According to defendant's pleadings, she was discharged from parole in January 2003, but the record shows that defendant made monthly payments of $230 to plaintiff until January 2008.

As a result of Gary Jones's death on June 15, 2007, defendant received additional assets, and plaintiff began collection proceedings on the 1991 default judgment. Defendant maintained that the 10-year statutory limit on the default judgment had expired and requested that the trial court quash the execution and return financial assets already seized. The trial court ruled in favor of defendant, reasoning that payments made by defendant under the restitution order in the criminal case did not revive defendant's obligation to make payments under the civil order.

II

On appeal, plaintiff argues that defendant's monthly partial payments revived and extended the period of limitations for the default judgment. We agree. The quashing of an execution rests in the discretion of the trial court. See *Schmidt v Bretzlaff,* 208 Mich App 376, 378; 528 NW2d 760 (1995). An abuse of discretion occurs when a result falls outside the range of principled outcomes. *Woods v SLB Prop Mgt, LLC,* 277 Mich

App 622, 625; 750 NW2d 228 (2008). The applicability of a statute of limitations is a question of law reviewed de novo. *Joliet v Pitoniak*, 475 Mich 30, 35; 715 NW2d 60 (2006).

Plaintiff acknowledges that the 1991 default judgment is subject to the 10-year period of limitations set forth in MCL 600.5809(3), which provides:

> Except as provided in [MCL 600.5809(4)], the period of limitations is 10 years for an action founded upon a judgment or decree rendered in a court of record of this state, or in a court of record of the United States or of another state of the United States, from the time of the rendition of the judgment or decree. . . . Within the applicable period of limitations prescribed by this subsection, an action may be brought upon the judgment or decree for a new judgment or decree. The new judgment or decree is subject to this subsection.[1]

Nevertheless, "any payment on a debt, whether before or after the running of the period of limitations, acts to extend the limitations period." *Wayne Co Social Servs Dir v Yates*, 261 Mich App 152, 156; 681 NW2d 5 (2004). Plaintiff argues that the order for restitution and the default judgment constituted the same debt, so defendant's monthly restitution payments made as a condition of parole extended the limitations period for the default judgment. We need not reach the merits of this argument, however, because we conclude that payments

---

[1] At the time of the 1991 default judgment, the former version of MCL 600.5809(3) similarly provided:

> Except as provided in [MCL 600.5809(4)], the period of limitations is 10 years for actions founded upon judgments or decrees rendered in a court of record of this state, or in a court of record of the United States or of another state of the United States, from the time of the rendition of the judgment. . . . Within these periods an action may be brought upon the judgment for a new judgment, which in its turn, will be subject to this subsection.

made after defendant was discharged from parole constituted a recognition of the remaining civil obligation to plaintiff and an indication of an intention to pay the same.

The Parole Board, within the Department of Corrections, possesses exclusive jurisdiction over parole matters. *Hopkins v Parole Bd*, 237 Mich App 629, 646; 604 NW2d 686 (1999); see also MCL 791.238(1) ("Each prisoner on parole shall remain in the legal custody and under the control of the department."). Any restitution ordered is a condition of parole. MCL 769.1a(11). MCL 791.242(1) provides:

> If a paroled prisoner has faithfully performed all of the conditions and obligations of parole for the period of time fixed in the order of parole, and has obeyed all of the rules and regulations adopted by the parole board, the prisoner has served the full sentence required. The parole board shall enter a final order of discharge and issue the paroled prisoner a certificate of discharge.

A discharge " 'is a remission of the remaining portion of the sentence.' " *People v Gregorczyk*, 178 Mich App 1, 11; 443 NW2d 816 (1989), quoting *In re Eddinger*, 236 Mich 668, 670; 211 NW 54 (1926). After delivery, a discharge cannot be recalled.

"Unless and until parole is successfully completed, the prisoner is deemed to be serving the sentence imposed by the trial court." *Harper v Dep't of Corrections*, 215 Mich App 648, 650; 546 NW2d 718 (1996), citing MCL 791.238(6); see also MCL 791.234(3) (stating that for certain prisoners serving consecutive sentences, "discharge shall be issued only after the total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole") and MCL 791.234(4) (similar provisions). The

maximum length of a period of parole is determined by the Department of Corrections within the time remaining of the maximum term of imprisonment. See *People v Tanner*, 387 Mich 683, 695; 199 NW2d 202 (1972) (BRENNAN, J., dissenting).

Nothing in the record contradicts defendant's claim that she was discharged from parole in January 2003. Regardless, even if defendant was not discharged at that time, her maximum discharge date based on her 10-year maximum term of imprisonment was December 4, 2004.[2] See *Tanner*, 387 Mich at 689; *Harper*, 215 Mich App at 650. Following discharge from parole, defendant was no longer subject to the jurisdiction of the Department of Corrections, and any remaining portion of defendant's sentence, including the condition that she pay restitution, abated. *Gregorczyk*, 178 Mich App at 11-12.

Despite the abatement of the parole condition for restitution, defendant continued to make monthly payments to plaintiff of $230 until January 2008. With these partial payments, defendant acknowledged the remaining obligation under the default judgment to compensate plaintiff for the loss suffered as a result of the embezzlement. *Yates*, 261 Mich App at 156. We conclude that these payments on the remaining obligation served to extend the period of limitations under MCL 600.5809(3) through January 2018. *Alpena Friend of the Court ex rel Paul v Durecki*, 195 Mich App 635; 491 NW2d 864 (1992) ("[A] partial payment made on a note after it matures serves to revive the statute of limitation, and a cause of action begins to accrue on that date."). Because the 10-year period of limitations

---

[2] For purposes of this appeal, defendant's maximum discharge date includes 215 days' credit for time served, but not good time and disciplinary credits.

had not expired when plaintiff restarted collection proceedings following Gary Jones's death, the trial court abused its discretion when it granted defendant's motion to quash execution of the default judgment.

In light of our conclusion, we need not address plaintiff's remaining claim on appeal.

Reversed. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.