*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHERMAN LAMONT WAGNER,

        Defendant-Appellant.

UNPUBLISHED
April 4, 2019

No. 341319
Wayne Circuit Court
LC No. 13-000131-01-FC

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Following remand to the trial court as ordered by this Court in *People v Wagner*, unpublished per curiam opinion of the Court of Appeals, issued December 15, 2015 (Docket No. 322058) (*Wagner I*), this matter now returns to this Court a second time. On remand, the trial court denied defendant's motion for resentencing and entered a judgment of sentence reflecting defendant's original sentence of 15 to 30 years' imprisonment for assault with intent to murder (AWIM), MCL 750.83, and a consecutive two years' imprisonment for possession of a firearm during the commission of a felony, MCL 750.227b. We affirm.

The facts underlying defendant's convictions are aptly set forth in *Wagner I*, unpub op at 1-2, and we need not repeat them here. But of note, the trial court sentenced defendant to a minimum sentence that corresponded to the top end of defendant's minimum sentencing guidelines range of 108 to 180 months. After our remand, the trial court imposed the same sentence. Defendant on appeal now contends that his minimum sentencing guidelines range has been decreased and that as a result, he is entitled to resentencing because his 15-year (180-month) minimum sentence for AWIM is a disproportionate sentence outside the advisory guidelines range. We disagree.

We review the proportionality of a defendant's sentence for an abuse of discretion. *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id*.

Defendant's argument is predicated on his view that his 180-month minimum sentence greatly exceeds his purported "correct" guidelines range of 51 to 85 months. But defendant's

position is not supported by the record. Nowhere did this Court in *Wagner I* or the trial court after our remand invalidate or revise the trial court's initial scoring of OV 6.[1] At defendant's original sentencing, his total offense variable (OV) score was calculated to be 105 points, with OV 6 accounting for 50 of those points. This Court in *Wagner I* noted that the trial court, in scoring OV 6, necessarily engaged in judicial fact-finding because defendant's conviction for AWIM did not compel the scoring of 50 points for that OV, which would be applicable only if defendant had a premeditated intent to kill, see MCL 777.36(1)(a). *Wagner I*, unpub op at 8, 9. Consequently, this Court, *id.* at 9-10, remanded for a *Crosby*[2] hearing, consistent with our Supreme Court's opinion in *People v Lockridge*, 498 Mich 358, 395-398; 870 NW2d 502 (2015). On remand, the trial court ruled that it would not have sentenced defendant to a lesser sentence had it known that the sentencing guidelines were advisory instead of mandatory. Therefore, the trial court ultimately denied defendant's request for resentencing.

We are cognizant that no court has definitively ruled on the issue defendant raised in *Wagner I* regarding whether defense counsel was ineffective by failing to object to the scoring of OV 6. In the interests of justice, we will do so now. See MCR 7.216(A)(7). Because no evidentiary hearing was held, our review is limited to errors apparent from the record. *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008). In order to establish that counsel was ineffective, defendant must show "that counsel's performance was deficient and that there is a reasonable probability that, but for the deficiency," the outcome would have been different. *People v Wilson*, 252 Mich App 390, 393; 652 NW2d 488 (2002).

OV 6 addresses the offender's intent to kill or injure another individual. MCL 777.36(1); see also *People v Bowling*, 299 Mich App 552, 561; 830 NW2d 800 (2013). OV 6 is properly scored at 50 points if, among other things, "the offender had a premeditated intent to kill." MCL 777.36(1)(a). "Premeditation . . . requires sufficient time to permit the defendant to take a second look [and] may be inferred from the circumstances surrounding the [crime]." *People v Coy*, 243 Mich App 283, 315; 620 NW2d 888 (2000). Other factors to consider include "(1) the previous relationship between the defendant and the victim; (2) the defendant's actions before and after the crime; and (3) the circumstances of the [crime] itself, including the weapon used and the location of the wounds inflicted." *People v Plummer*, 229 Mich App 293, 300; 581 NW2d 753 (1998).

At trial, the victim testified that he owed a debt to defendant or defendant's friend and after trying to avoid defendant and that friend, the victim later encountered them at a bar. Defendant then motioned for the victim to go outside, and once they were outside, defendant started shooting a gun at the victim. The victim testified that after defendant had already shot him several times, defendant closed to within a couple feet and attempted to shoot him in the head and would have done so had the gun not jammed. All told, defendant shot the victim four times. These facts are more than sufficient to prove by a preponderance of the evidence that

---

[1] Nor did the Supreme Court in its denial of defendant's application for leave to appeal *Wagner I*. *People v Wagner*, 500 Mich 865 (2016).

[2] *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

defendant had a premeditated intent to kill. A fact-finder easily could infer that defendant planned to kill the victim by leading the victim outside to where there would be fewer witnesses and where it would be easier to effectuate a getaway. Therefore, because an objection to the scoring of OV 6 would have been futile, we hold that defense counsel was not ineffective for failing to object. See *People v Ericksen*, 288 Mich App 188, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").[3]

Therefore, the trial court's scoring of OV 6, through its judicial fact-finding, stands at 50 points, which results in defendant's total OV score remaining at 105 points and his minimum sentencing guidelines range remaining at 108 to 180 months. Importantly, *Lockridge* did not invalidate such judicial fact-finding. Indeed, the *Lockridge* Court made it clear that a trial court is permitted to engage in judicial fact-finding, *Lockridge*, 498 Mich at 392 n 28, but the trial court could not be constrained by "mandatory" minimum sentencing guidelines based on such fact-finding, *id.* at 391. Instead, in order to avoid a Sixth Amendment violation based on the combination of judicial fact-finding and mandatory guidelines, the Court struck down the mandatory nature of the guidelines, rendering them advisory in all applications. *Id.* at 391, 399; see also *People v Steanhouse*, 500 Mich 453, 470; 902 NW2d 327 (2017).

"[T]his Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). Conversely, a proportionality challenge to a sentence that falls within the properly scored guidelines range "is presumptively proportionate and must be affirmed."[4] *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017), lv pending. Furthermore, MCL 769.34(10) codifies the instances in which a defendant can challenge his or her sentence:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised

---

[3] To avoid any confusion about the scope of our decision, we not only hold that defense counsel was not ineffective for failing to object to the scoring of OV 6, we also affirmatively hold that the trial court did not clearly err in scoring OV 6 at 50 points. See *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (stating that a trial court's findings related to sentencing are reviewed for clear error and must be supported by a preponderance of the evidence).

[4] We are aware, however, that the issue of whether a defendant can challenge for reasonableness a sentence that falls within the advisory guidelines range is currently pending on application for leave to appeal before the Supreme Court. *People v Ames*, 501 Mich 1026 (2018).

the issue at sentencing, in a proper motion for resentencing, or in a proper motion
to remand filed in the court of appeals.

This Court has construed this statute to mean that "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Therefore, we hold that because defendant's sentence falls within the properly calculated guidelines range, defendant cannot challenge the proportionality of his sentence.[5]

Affirmed.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

---

[5] Consequently, because we are not remanding, we need not address defendant's argument that we should remand to a different judge for resentencing.