COLLATERAL LIQUIDATION, INC., v. PALM.

1. LIMITATION OF ACTIONS—PAYMENT.
   Under the six-year statute of limitations, a payment on a note is equivalent to a new promise (3 Comp. Laws 1929, § 13976).

2. TIME—COMPUTATION.
   In ascertaining the time during which an act is to be performed, or an obligation remain in force, the date from which the contract runs is excluded, and the last day mentioned is included, in the calculation, in order to protect a right and prevent a forfeiture.

3. SAME—COMPUTATION—LIMITATION OF ACTIONS—PAYMENT ON NOTE.
   Under the six-year statute of limitations the day upon which a payment upon a note was made should be excluded in computing the time within which an action could be brought thereon (3 Comp. Laws 1929, § 13976).

Part payment constituting equivalent of new promise to toll the statute of limitations, see 1 Restatement, Contracts, § 86.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 14, 1941. (Docket No. 107, Calendar No. 41,471.) Decided March 11, 1941.

Assumpsit by Collateral Liquidation, Inc., a Delaware corporation, against Victor Palm, on a note and mortgage. Judgment for plaintiff. Defendant appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Butler & Dougherty,* for defendant.

BUTZEL, J. On January 28, 1925, defendant Victor Palm executed a promissory note payable on or before three years from date to the order of Robert Oakman in the sum of $2,250. He also gave as collateral security a real-estate mortgage subject to a first mortgage in favor of a bank. The first mortgage was foreclosed in 1934 and the property sold for less than the indebtedness secured thereby. The second mortgage securing the note to Oakman lost its value as collateral security. Payments, including one on August 22, 1932, were made, reducing the balance still due on the note to $573.37. Plaintiff became the owner of the note and mortgage. It instituted the present suit on August 22, 1938, six years from the date of the last payment. August 21, 1938, was a Sunday. Plaintiff declared on the note and also on the covenant to pay in the mortgage. Defendant pleaded the statute of limitations.* Plaintiff claimed that the suit was timely brought and, even if there were any merit in defendant's claim that August 21, 1938, was the last day before suit would be barred by the statute of limitations,

---

* 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).—REPORTER.

that day was a Sunday and the suit was brought on the first secular day thereafter. Plaintiff further asserted that, even if defendant's claim that suit was barred on the note had any merit, plaintiff had also declared on the covenant of payment contained in the mortgage, a sealed instrument, and that the payment on August 22, 1938, extended the liability of defendant for a statutory period of 10 years. The case was tried without a jury and resulted in a judgment for plaintiff for the full amount of the balance claimed.

In view of our determination, the only question we need discuss is whether, in figuring the six-year period of the statute of limitations on the note, August 22, 1932, the day of the last payment, is to be included or excluded in the computation of time.

The effect of the payment under the statute is equivalent to a new promise. *Miner v. Lorman,* 56 Mich. 212; *Mainzinger v. Mohr,* 41 Mich. 685; *Borden v. Fletcher's Estate,* 131 Mich. 220.

The question of computing time was fully discussed by Justice Cooley in *Warren v. Slade,* 23 Mich. 1 (9 Am. Rep. 70). He said:

"In several of these cases, the actual result of the rule * * * may be, under given circumstances, to give the party one day more than the statute time in which to bring suit, inasmuch as he would be legally entitled to act on the very day of the event from which the time is computed, if that event took place at an hour of the day which would permit of action; but, on the other hand, the opposite rule * * * would, under other circumstances, give him one day less than the statute time, and if that time was one day only, would give him no time at all. There is good reason, therefore, in the rule * * * of treating the day of the act or event as a point of time only, and excluding it altogether from the computation."

See, also, *Shelton* v. *Gillett,* 79 Mich. 173; *McEvoy* v. *City of Sault Ste. Marie,* 136 Mich. 172; *Jocque* v. *McRae,* 142 Mich. 370.

In *Hallock* v. *Income Guaranty Co.,* 270 Mich. 448, 452, we said:

"In ascertaining the time during which an act is to be performed, or an obligation remain in force, the date from which the contract runs is excluded, and the last day mentioned is included, in the calculation, it being the policy of the law to protect a right and prevent a forfeiture."

The day upon which the last payment was made must be excluded. This would extend the time within which suit could be brought so as to include August 22, 1938. The suit was timely brought.

The judgment is affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.