COLLATERAL LIQUIDATION, INC., v. RENSHAW.

1. CONTRACTS—CONSTRUCTION—INTERPRETATION BY PARTIES.

In so far as the parties to a contract by their conduct have placed an interpretation upon it, such interpretation or construction should be given consideration in arriving at a conclusion.

2. BILLS AND NOTES—CONSTRUCTION—INTENT—PRINTED MATTER.

In the construction of a note the intention of the parties is to control if it can be legally ascertained by a study of the entire contents of the instrument with no part excluded from consideration, anything written or printed thereon prior to its issuance and relating to its subject matter being regarded as a part of the contract and given due weight in its construction.

Liability of pledgee for depreciation in value of pledge after maturity of pledgor's obligation, see Restatement, Security, § 52, comment (a).

3. Same—Patent Ambiguity—Intent.

When there is a patent ambiguity in a note, it is competent for the court to determine from the paper itself, in the light of the circumstances in which it was given, what was the actual intention of the parties.

4. Same—Construction—Patent Ambiguity.

A promissory note is a contract in writing and in the event of an ambiguity appearing on its face is to be construed as any other written contract.

5. Same—Construction—Instalment Payment—Statute of Limitations.

Promissory notes providing, first, a promise to pay on demand with interest, second, payment of monthly instalments including interest, and third, in case of default or if holder of note was of opinion security should depreciate in value, that holder might elect without notice that notes would be due and payable on demand, were intended to be instalment notes upon which statute of limitations began to run as to each instalment as it fell due (3 Comp. Laws 1929, § 13976).

6. Same—Instalment Payment—Evidence—Stock Purchase Notes.

A notation in promissory notes that certain sums are to be paid monthly, followed by partial payments on the notes, was evidence as to the manner in which such notes, given by employee for purchase of stock of parent corporation of which employer was a subsidiary, were to be paid.

7. Same—Sale of Pledged Stock—Depreciation in Value.

Under promissory notes authorizing holder of note to sell pledged stock upon default of maker or when holder should be of opinion stock had depreciated in value at its option, pledgee was under no duty or obligation to sell the pledged stock and the mere fact that it depreciated in value after maturity would not charge pledgee with the loss.

Appeal from Wayne; Hart (Ray), J., presiding. Submitted April 8, 1942. (Docket No. 18, Calendar No. 41,906.) Decided May 18, 1942.

Assumpsit by Collateral Liquidation, Inc., a Delaware corporation, against George N. Renshaw on promissory notes. Judgment for defendant. Plain-

tiff appeals.   Reversed and judgment for plaintiff ordered entered.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

SHARPE, J.   Plaintiff corporation appeals from a judgment of no cause of action rendered against it in a suit upon two promissory notes.

The note first executed reads as follows:

"Detroit, Mich., March 27, 1930.

"$550.

"On demand after date, I promise to pay to the order of the Union Trust Company of Detroit, at its office in the city of Detroit, Michigan, five hundred fifty dollars, for value received with interest at the rate of six per cent. per annum payable monthly: having deposited herewith as collateral security for the payment hereof, and all other liabilities, absolute or contingent, present or future, of the undersigned to the said Union Trust Company.

"5 shares Guardian Detroit Union Group.

"Payable $10 or more, inc. interest April 16th and monthly which property, or any part thereof, with any other property hereafter deposited in substitution therefor or in addition thereto, the holder of this note in default of payment thereof, is authorized to sell, at the expense of the undersigned, at public or private sale, at its option, and at its option to purchase at such sale and to apply the proceeds in payment of this note, and the balance upon such other of said liabilities as the holder may elect.

"It is further agreed that if default be made in the payment of any instalment of interest when the same shall become due, or if in the opinion of the holder of this note, the said security shall depreciate in value, said holder may elect without notice that this obligation is due and payable on demand.

"It is further agreed that said Union Trust Company shall have the right to hold and apply, at any

time, its own indebtedness or liability to the maker hereof, or any securities or property of the maker in its custody or possession, as security for the payment of any liability due, or to become due, from the maker hereof.

          "Signature George N. Renshaw
          "Address Union Trust Co."

The second note was of a similar nature, in the amount of $440, payable to the Union Guardian Trust Company, and dated March 16, 1931. It also contained a promise to pay "on demand, after date" as well as a typewritten statement in the body of the note: "Payable $10 or more including interest on the 16th day of each month."

On or about May 5, 1934, plaintiff corporation became the owner of the two notes and also of the pledgee's interest in the stock which had been pledged as collateral security. No demand for payment of the indebtedness represented by these two notes was made upon defendant until on or about January 21, 1938.

On February 21, 1938, plaintiff instituted a suit at law for the collection of the indebtedness represented by the two promissory notes. On May 5, 1941, the cause came on for a hearing; and on October 14, 1941, the trial court filed a written opinion in which he concluded that the notes were simple demand notes upon which recovery was barred by the statute of limitations and rendered judgment in favor of defendant.

Plaintiff appeals and contends that the notes are instalment notes and the statute of limitations would begin to run as to each instalment as it fell due and plaintiff's cause of action would not be barred as to those instalments which fell due within six years prior to the institution of suit.

It was stipulated that the Union Trust Company, original payee named in one of the promissory notes, subsequently merged with the Union Guardian Trust Company; and that the two corporations constitute the same corporation entity.  The record shows that from time to time the Union Trust Company made available to its employees stock in the Guardian Detroit Union Group, the parent company of which the Union Guardian Trust Company was a part; that defendant, an employee of the Union Guardian Trust Company, purchased five shares of Guardian Detroit Union Group stock pursuant to the stock purchase plan by which the employee could have the benefit of paying for the stock over a period of time.  Defendant made four payments on the $550 note.

We have never been called upon to interpret a note of this character.

In *Lower* v. *Muskegon Heights Co-operative Dairy,* 251 Mich. 450, 456, we said:

"In so far as the parties by their conduct have placed an interpretation upon the contract, such interpretation or construction should be given consideration in arriving at a conclusion."

In *Barron* v. *Boynton,* 137 Me. 69 (15 Atl. [2d] 191), defendants executed a note in the sum of $3,286.31.  The note read as follows:

"On demand for value received We promise to pay to the order of Mrs. Margaret McFadden of Portland, Me., Thirty two hundred eighty six and 31/100 Dollars with Interest at the rate of 5 per cent. per annum, for such time as said principal sum or any part thereof shall remain unpaid. * * *

"Interest to be paid on the first day of each month.

"Monthly payments to be Fifty dollars· each month."

The supreme court of Maine in interpreting this note said:

"It is a well-established rule that in the construction of a note the intention of the parties is to control if it can be legally ascertained by a study of the entire contents of the instrument with no part excluded from consideration, and anything written or printed on the note prior to its issuance relating to its subject matter must be regarded as a part of the contract and given due weight in its construction. * * * When there is a patent ambiguity in the instrument, it is competent for the court to determine from the paper itself, in the light of the circumstances in which it was given, what was the actual intention of the parties. * * *

"Applying these rules to the instant case, an examination of the entire text of the note in suit in its material parts leads to the conclusion that the plain intent of the parties was that the makers of this note were to have time in which to liquidate their obligation and not to be compelled to pay the entire debt on demand. The note was for a substantial amount and apparently it was intended that collateral security should be furnished. By the express terms of the contract, interest was to be paid the first day of each month, and 'Monthly payments (were) to be Fifty dollars each month.' And finally, the parties themselves treated the paper as an instalment note as the payments credited on the back of the instrument witness. These facts, we think, clearly warrant the construction which we have placed upon this note. It is in accord with the view taken on substantially analogous facts in *Trigg* v. *Arnott*, 22 Cal. App. (2d) 455 (71 Pac. [2d] 330). See Brannan's Negotiable Instruments Law (6th Ed.), p. 197."

In *Trigg* v. *Arnott*, 22 Cal. App. (2d) 455 (71 Pac. [2d] 330), the note read as follows:

"March 5, 1931.
"On demand after date * * * I promise to pay.
* * *

"It is also conditioned that monthly instalments shall be paid in sums of not less than $100 each, on the 5th day of April, 1931, and on the same date in each and every month thereafter, to be applied on principal."

The court in interpreting the above note said:

"It is apparent that if the note is simply a demand note the trial court's finding that the cause of action based thereon is barred by the statute of limitations is correct and the judgment must be affirmed. * * * It is our conclusion, however, that a proper construction of the language of the instrument indicates that it is not simply a note payable on demand. A promissory note is a contract in writing and in the event of an ambiguity appearing on its face is to be construed as any other written contract. The instrument under consideration presents a patent ambiguity since although the first paragraph indicates that it is payable on demand the second paragraph clearly states that 'it is also conditioned' that the principal sum mentioned in the note shall be paid in monthly instalments 'of not less than $100 each,' such monthly payments to begin on April 5, 1931, and to be made on the corresponding date of each and every month thereafter. The third paragraph contains an acceleration clause providing that 'in case of default in any payment of interest and principal the entire debt shall immediately become due and payable at the option of the holder thereof.' Taking the note in its entirety it is clear that the instrument is one which is payable in specified monthly instalments and that only in case of a default in such payments shall it be considered a demand note. * * * This conclusion is fortified by the practical construction which the parties to the contract themselves placed upon the language of the instrument

since the note itself shows on its back that four monthly instalments of $100 each were paid during the months of April, May, June and July, 1931, and were duly credited on the principal of the note by the holder.''

In construing the notes in the case at bar, all of their provisions must be given effect and the construction placed upon them by the interested parties must be taken into consideration. The notes contain an acceleration provision which is optional with the holder of the note. The notation in the notes that certain sums are to be paid monthly followed by partial payments on the notes is a strong indication as to the manner in which the notes were to be paid. In our opinion the notes were intended to be and are instalment notes; and the weight of authority is that the statute of limitations* begins to run as to each instalment as it falls due. See 34 A. L. R. 897 for citation of cases.

There was no duty or obligation upon the part of plaintiff to sell the pledged stock.

In *Allen* v. *Hook,* 198 Mich. 122 (L. R. A. 1918A, 441), a pledgor executed a promissory note payable to the pledgee and pledged certain stock as collateral security. Later the pledgor expressly authorized the pledgee to sell the stock, but the pledgee did not inform the pledgor as to whether the stock had or had not been sold. Subsequently, upon trial, the defense was interposed that the stock which had been pledged as collateral security should have been sold by the pledgee. The court said:

"Defendant admits that plaintiff made no reply to his request that he.take the stock in payment of the note, and he states that no reply was received to his letter. Defendant rather seeks to give the im-

* See 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).—RE-PORTER.

pression that at the time he wrote the letter the stock had some value, but that later it depreciated and became worthless, and that had he not understood that plaintiff was to retain it in payment of the note he would have disposed of it to others. Plaintiff was the holder of the collateral, and as such he had a right to retain it until the note was paid. He was under no obligation to sell the collateral before bringing suit, nor can he be charged with negligence in failing to do so. * * * And the mere fact that the stock depreciated in value after maturity would not charge plaintiff with the loss. * * * Defendant was at liberty at all times to redeem the collateral by making payment of the note; this he concedes he did not do, and the reason he did not do it was because he did not have the funds."

The judgment is reversed and the trial court is directed to enter a judgment in favor of plaintiff in the amount represented by the instalment payments which accrued within six years prior to February 21, 1938, the date upon which suit was instituted. Plaintiff may recover costs.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.