### BONGA *v.* BLOOMER

1. BILLS AND NOTES—DEMAND NOTE—DEFINITION.
    Note executed by defendants to plaintiff on April 15, 1957, *held*, properly declared a demand note by trial court under statute then in effect, where the note contained no indication of the time for its payment and there was no regular tender and acceptance of payment by the parties that could be construed as interpretation of the nature of the note by the parties (CL 1948, § 439.9, since repealed by PA 1962, No 174).

2. SAME—DEMAND NOTE—PAYMENT ON NOTE—ACTION ON NOTE—STATUTE OF LIMITATIONS.
    Action brought on October 8, 1965, to recover demand note executed on April 15, 1957, on which a payment had been made July 15, 1960, *held*, not barred by the statute of limitations which begins to run on the date of the last payment on the note (CLS 1961, § 600.5807[8]).

3. SAME—DEMAND NOTE—PARTIAL PAYMENT—QUALIFIED PAYMENT.
    Partial payments made on demand promissory notes are unqualified unless the payor makes a qualification at the time of tendering the partial payment.

Appeal from Kent, Searl (Fred N.), J. Submitted Division 3 November 12, 1968, at Grand Rapids. (Docket No. 4,034.) Decided November 27, 1968.

Complaint by Cornelia Bonga against Harold Bloomer and Orwin J. Vander Til to recover balance

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 11 Am Jur 2d, Bills and Notes §§ 167, 168.
[2] 12 Am Jur 2d, Bills and Notes § 1048 *et seq.*
When statute of limitations begins to run against note payable on demand. 71 ALR2d 284.

due on 2 promissory notes. Plaintiff moved for summary judgment and defendant moved for accelerated judgment. Plaintiff's motion granted as to one note, and defendant's motion granted as to the other note. Defendants appeal. Affirmed.

*Williams and Damon*, for plaintiff.

*Murray B. De Groot*, for defendants.

Per Curiam. This is an action to recover on 2 promissory notes. Defendants were partners in a rental furniture business in Grand Rapids. Plaintiff is the survivor of her husband, both of whom were named joint payees in two promissory notes executed and delivered to them by the defendants. The first note was dated January 3, 1956, and the second note was dated April 15, 1957. Both notes were secured by a chattel mortgage on tangible personal property, the same property serving as collateral for both notes. On July 15, 1960, the first mortgage was foreclosed, the payees took possession of the collateral, including all the inventory of the partnership business. To avoid additional public sale costs, the defendants transferred ownership of the assets in question to the payees by means of a private sale. The value of said assets was $6,019.81, the amount of which was credited against the debt of January 3, 1956. At the same time, the defendants assigned to the payees all their outstanding accounts receivable, approximately $3,-627.42. This amount was credited against the note of April 15, 1957. On September 14, 1960, attorney for defendants sent a letter to the creditors of the furniture store. In this letter it is admitted that $3,627.42 was assigned on the second note and a balance of $10,134.91 remained on this note. Plain-

tiff's husband then passed away and ownership of the notes vested in the plaintiff as joint payee by right of survivorship. On October 8, 1965, she commenced this action claiming the balance due under each of the two notes. Basically there were no fact issues and the plaintiff moved for a summary judgment for the full balance claimed and the defendants moved for an accelerated judgment. The trial court rendered an opinion dated October 19, 1966. In this opinion the court held as follows: As to note #1—(note of January 3, 1956) the plaintiff, by retention of the repossessed collateral, waived any rights to a deficiency. The court held that CL 1948, §§ 566.401–566.412 (Stat Ann 1953 Rev §§ 26.977-[1]–26.977[12])[1] was applicable. In effect, the court said that the act required a public sale of goods if one is to maintain a right to any deficiency judgment. The sale was not public but rather, private and under section 8 of said act the plaintiff had no right to any additional recovery on the 1956 note.

As to note #2, dated April 15, 1957, the court stated that under section 9 of the Negotiable Instruments Law,[2] the note, when construed as read, was a demand note. The court further found that the assignment of accounts receivable on July 15, 1960, was an admission of the debt and a new promise to pay the debt. Finally, the trial court held that as to this balance, the statute of limitations began to run as of the date of the payment July 15, 1960, and that since the action was commenced October 8, 1965, it was not barred.

As to the question of interest, the trial court found that since the note was a demand note, interest commenced to run as of the date of the note.

---

[1] Since repealed by PA 1962, No 174.
[2] CL 1948, § 439.9, repealed by PA 1962, No 174.

The issues raised for review are:

(1) Was the promissory note of April 15, 1957, which lacked a statement as to the due date and the exact time segment in which payment would be required, a demand note or an installment note?

(2) What effect does a partial payment have on a note, after the note has matured but before the amount is barred by the statute of limitations?

(3) When does interest begin to accrue upon the obligation evidenced by defendants' note dated April 15, 1957?

The trial court was correct in holding the April 15, 1957, promissory note a demand note. CL 1948, § 439.9 (Stat Ann 1959 Rev § 19.49),[3] stated:

"An instrument is payable on demand:

"First, when it is expressed to be payable on demand, or at sight, or on presentation, or

"Second, *in which no time for payment is expressed.*" (Emphasis supplied.)

The promissory note in question was at best a poorly drawn document. The note states no time for payment in that it does not specify whether the payments are to be daily, weekly, yearly, etc. The note specifies no due date. The note does not provide for regular payments. Possibly if monthly payments had been made and accepted, these acts could have been construed as an interpretation by the parties as was the case of *Collateral Liquidation Inc.* v. *Renshaw* (1942), 301 Mich 437. In the case at bar, there were no regular payments and therefore there is no basis for such construction.

The note must be construed as it reads. Michigan statutes create specific requirements for a note to be considered as an installment note. The note in question does not meet these requirements. The

---

[3] Now CLS 1961, § 440.3108, as added by PA 1962, No 174 (Stat Ann 1964 Rev § 19.3108).

April 15, 1957, promissory note falls into the category the Michigan legislature chose to classify demand notes and the trial court's holding was proper.

As to issue 2, *supra,* the trial court found that a payment was made on the note on July 15, 1960, a fact admitted in defendants' answer as well as in the September 14, 1960, letter to the creditors. The court properly concluded that the statute of limitations began to run as of the date of payment, July 15, 1960, and that this action commenced October 8, 1965, was not barred.

Two months after the unqualified payment by way of assignment of accounts receivable, defendants attempted to qualify said payment. A qualification must be made at the time of the partial payment. If this were not true, it would be possible for one to make a partial payment and intend to pay the balance at a later date, but in the interim, change his mind and effectively renig. To allow this would be to permit chaos in the legal and business world.

In its opinion of October 19, 1966, the trial court stated that "interest commences to run as of the date of execution *April 15, 1960.*" (Emphasis supplied.) Defendants state that the trial court held "interest accrues from the date of delivery of the note." It appears either that defendants have misread the court or that the court has mistyped its record. It appears to be a mistake of the latter and not the former since the note was executed on April 15, 1957, and not April 15, 1960. More important than this, however, there is nothing in the factual situation to mark any significance to the April 15, 1960, date.

Affirmed. Costs to plaintiff-appellee.

HOLBROOK, P. J., and T. G. KAVANAGH and MC-INTYRE, JJ., concurred.