FISHER SAND AND GRAVEL COMPANY v NEAL A SWEEBE, INC

Docket No. 297156. Submitted May 13, 2011, at Lansing. Decided June 7, 2011, at 9:10 a.m. Leave to appeal granted, 491 Mich 914.

On August 13, 2009, Fisher Sand and Gravel Company brought an action in the Midland Circuit Court against Neal A. Sweebe, Inc., asserting claims for breach of contract, account stated, and unjust enrichment with regard to concrete supplies plaintiff provided to defendant and alleging that defendant owed a remaining balance of $92,968.57, including finance charges, as of June 30, 2009. Plaintiff filed an amended complaint on October 29, 2009, that added a claim entitled "amount owed on open account." Plaintiff had provided some supplies from October 1991 through October 2004 and issued invoices, and defendant had periodically made payments toward the accrued balance. On May 9, 2005, defendant received a delivery of goods from plaintiff and plaintiff issued an invoice for $152.98. On May 13, 2005, defendant made a payment of $152.98, which was the last date that defendant made any payment to plaintiff. Defendant moved for summary disposition, contending that the action was barred by the four-year limitations period in the Uniform Commercial Code (UCC) pertaining to contracts for sale, MCL 440.2725(1). Plaintiff contended that defendant's obligation to pay an open account was an obligation that was distinct from the underlying contract for the sale of goods and that the action was governed by the general six-year limitations period applicable to actions for breach of contract contained in the Revised Judicature Act (RJA), MCL 600.5807(8). The court, Michael J. Beale, J., agreed with defendant and granted its motion for summary disposition. Plaintiff appealed.

The Court of Appeals *held*:

1. Although Michigan jurisprudence recognizes that payment on an account stated or an open account may be treated as a new and distinct promise, there is no established authority holding that an open account arising from the sale of goods is not subject to the UCC.

2. When two statutes are *in pari materia*, because they relate to the same subject matter and share a common purpose, but conflict with one another on a particular issue, the more-specific

statute must control over the more-general statute. The statute containing the UCC limitations period pertains specifically to contracts for the sale of goods and is the more-specific statute involved in this case.

3. The official comment to the section of the UCC involved, MCL 440.2725, militates in favor of applying the UCC's four-year limitations period in this case to promote uniformity and consistency.

4. Although an account stated is based on a separate agreement between the parties, it relates to and cannot be divorced from the underlying sales transaction. The UCC drafters intended that one limitations period apply to all transactions involving the sale of goods, regardless of the theory of liability asserted. To hold that the UCC limitations period does not apply to actions on account, despite the underlying sale of goods, would run counter to the drafters' purpose of providing consistency and predictability in commercial transactions.

5. The trial court did not err by concluding that the action was subject to the UCC's four-year limitations period and that, because the action was filed more than four years after defendant's last payment, defendant was entitled to summary disposition

Affirmed.

O'CONNELL, J., dissenting, disagreed with the majority for two reasons. First, the current state of the law in Michigan provides that payment on an open account triggers a new obligation, separate and distinct from an underlying agreement. Until such time as the Supreme Court reverses its decisions stating the current state of the law, the Court of Appeals must follow those decisions. The RJA provides a six-year limitations period for actions to recover damages or sums due for breach of contract that should be applied in this action. Secondly, the UCC does not implicitly overrule Michigan's jurisprudence concerning open accounts. There exists no affirmative provision of the UCC or other Michigan legislation that exhibits a legislative intent to abrogate Michigan's jurisprudence concerning open accounts. The Supreme Court has rejected the notion of repeal by implication with respect to the repeal of statutes. The UCC provides that unless displaced by the particular provisions of the UCC, the principles of law and equity shall supplement its provisions. MCL 440.1103. The decision of the trial court should have been reversed.

1. CONTRACTS — WORDS AND PHRASES — OPEN ACCOUNT.

An "open account" is an unpaid or unsettled account or an account that is left open for ongoing debit and credit entries and that has

a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability.

2. Contracts — Sale of Goods — Open Account — Limitation of Actions — Uniform Commercial Code.

An action that concerns an open account related to the sale of goods is governed by the four-year limitations period in article 2 of the Uniform Commercial Code concerning contracts for sale rather than the six-year limitations period provided in the Revised Judicature Act that is applicable to contract actions generally (MCL 440.2725[1], 600.5807[8]).

*Allan Falk, P.C.* (by *Allan Falk*), and *McClintic & McClintic, P.C.* (by *William M. McClintic* and *Gavin W. McClintic*), for plaintiff.

*W. Jay Brown PLC* (by *W. Jay Brown*) for defendant.

Before: Owens, P.J., and O'Connell and Meter, JJ.

Owens, P.J. In this action concerning an open account related to the sale of goods, plaintiff, Fisher Sand and Gravel Company, appeals as of right the trial court's order granting defendant, Neal A. Sweebe, Inc., summary disposition pursuant to MCR 2.116(C)(7) on the basis of the statute of limitations. We affirm.

Plaintiff provided some concrete supplies to defendant from October 1991 through October 2004. Plaintiff periodically issued invoices to defendant for the goods, and defendant periodically made payments toward the accrued balance. On May 9, 2005, defendant received a delivery of goods for which plaintiff issued an invoice for $152.98. On May 13, 2005, defendant made a payment of $152.98, which was the last date that defendant made any payment to plaintiff. Plaintiff filed this action on August 13, 2009, asserting claims for breach of contract, account stated, and unjust enrichment, and alleging that defendant owed a remaining

balance of $92,968.57 (including $3,718.32 in finance charges) as of June 30, 2009. In an amended complaint filed on October 29, 2009, plaintiff added a claim entitled "amount owed on open account."

Defendant moved for summary disposition on the ground that plaintiff's action was barred by the four-year limitations period in § 2725 of the Uniform Commercial Code (UCC), MCL 440.2725. Plaintiff contended that defendant's obligation to pay an open account was an obligation that was distinct from the underlying contract for the sale of goods and, therefore, its action was instead governed by the general six-year limitations period applicable to contract actions, MCL 600.5807(8). The parties also disputed whether defendant's May 13, 2005, payment was a payment on the open account, or a payment for a distinct transaction that was not part of the open account.

The trial court agreed with defendant that because the parties' open account related to the sale of goods, plaintiff's action was governed by the four-year limitations period in Article 2 of the UCC, MCL 440.2725, rather than the six-year limitations period applicable to contract actions generally, MCL 600.5807(8) and, accordingly, granted defendant's motion.

We review de novo a trial court's ruling on a motion for summary disposition brought pursuant to MCR 2.116(C)(7). *Doe v Roman Catholic Archbishop of the Archdiocese of Detroit*, 264 Mich App 632, 638; 692 NW2d 398 (2004). We must consider all affidavits, pleadings, and other documentary evidence submitted by the parties. Absent a disputed question of fact, the determination whether a cause of action is barred by the statute of limitations is a question of law reviewed de novo. *Id.*

This case also involves the application of a statute. Issues involving the interpretation or application of a statute are reviewed de novo as questions of law. *O'Neal v St John Hosp & Med Ctr*, 487 Mich 485, 493; 791 NW2d 853 (2010). The primary goal of statutory construction is to give effect to the Legislature's intent. *McCormick v Carrier*, 487 Mich 180, 191; 795 NW2d 517 (2010). If statutory language is clear and unambiguous, we presume that the Legislature intended the meaning expressed in the language. *Id.*

Plaintiff first challenges the trial court's determination that its action is governed by the four-year limitations period in § 2725 of the UCC, MCL 440.2725, rather than the six-year period applicable to contract actions generally. The Revised Judicature Act provides a limitations period of six years "for . . . actions to recover damages . . . due for breach of contract." MCL 600.5807(8); *Citizens Ins Co of America v American Community Mut Ins Co*, 197 Mich App 707, 708-709; 495 NW2d 798 (1993). All sales of goods are governed by Article 2 of the UCC, MCL 440.2102. Section 2725 of the UCC, MCL 440.2725, provides that "[a]n action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued." Plaintiff argues that an open account is a distinct agreement from an underlying agreement for the sale of goods and, therefore, is not subject to the four-year limitations period in the UCC.

The definition of an "open account" is " '1. An unpaid or unsettled account. 2. An account that is left open for ongoing debit and credit entries and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability.' " *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 355-356; 771 NW2d 411

(2009), quoting Black's Law Dictionary (7th ed). "In actions brought to recover the balance due upon a mutual and open account current, the claim accrues at the time of the last item proved in the account." MCL 600.5831. Plaintiff contends that its claim accrued on May 13, 2005, the last date on which defendant made a payment. Assuming, without deciding, that defendant's May 13, 2005, payment may be considered a payment toward the parties' open account, plaintiff's action was filed in August 2009, more than four years after the May 2005 payment. Thus, if plaintiff's action is governed by the four-year limitations period in the UCC, it is untimely.

We have not found any Michigan caselaw that specifically and directly addresses whether payment on an open account that relates to the sale of goods is subject to the four-year limitations period in the UCC. The most relevant case is *First of America Bank v Thompson*, 217 Mich App 581; 552 NW2d 516 (1996). In that case, the plaintiff, an assignee bank under an automobile retail installment sales contract, brought a deficiency action against the defendant, a cobuyer of the automobile, following the repossession and sale of the vehicle. *Id.* at 582-583. The defendant contended that the plaintiff's action was governed by the four-year limitations period in Article 2 of the UCC. *Id.* at 584. The plaintiff argued that the UCC did not apply because there was no sale of goods between itself and the defendant. *Id.* at 584. This Court agreed with other jurisdictions, principally *Assoc Discount Corp v Palmer*, 47 NJ 183; 219 A2d 858 (1966), that a deficiency action is more closely related to the sales aspect of a combined sales-security agreement rather than the security aspect and, therefore, was governed by the four-year limitations period in Article 2 of the UCC. *Thompson*, 217 Mich App at 589-590.

Plaintiff here relies principally on cases that predate this state's enactment of the UCC in 1962,[1] to support its argument that payment on an open account triggers a new obligation, separate and distinct from an underlying agreement. See, e.g., *Collateral Liquidation, Inc v Palm*, 296 Mich 702, 704; 296 NW 846 (1941), *Miner v Lorman*, 56 Mich 212, 216; 22 NW 265 (1885), and see also *Bonga v Bloomer*, 14 Mich App 315; 165 NW2d 487 (1968). Although these cases tend to support plaintiff's general argument that payment on an open account may be viewed as a new promise separate from any underlying contract, none of the cases involved the sale of goods subject to the UCC. Thus, they are not helpful in resolving the question presented in this appeal.

Statutes that relate to the same subject matter and share a common purpose are *in pari materia* and must be read together as one law. *Donkers v Kovach*, 277 Mich App 366, 370-371; 745 NW2d 154 (2007). When two statutes are *in pari materia* but conflict with one another on a particular issue, the more-specific statute must control over the more-general statute. *Id.* at 371. This principle favors applying the limitations period in Article 2 of the UCC in this case, because it pertains specifically to contracts for the sale of goods. Additionally, application of Article 2 is consistent with this Court's decision in *Thompson*, 217 Mich App at 589-590, in which this Court determined that the plaintiff's deficiency action was more closely related to the sales aspect than the security aspect of a combined sales-security agreement, and was therefore subject to § 2725 of the UCC. Although plaintiff maintains that an open account is separate and distinct from the underlying sale of goods, the account exists solely to facilitate

---

[1] See 1962 PA 174.

plaintiff's sale of goods to defendant. The official comment for § 2725 states the purpose of the provision as follows:

> To introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred. This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. This is within the normal commercial record keeping period.

Although the official comments to the UCC do not have the force of law, they are useful aids to the interpretation and construction of the UCC. *Prime Fin Servs LLC v Vinton*, 279 Mich App 245, 260 n 6; 761 NW2d 694 (2008). In addition, "the comments were intended to promote uniformity in the interpretation of the UCC." *Id.* The official comment to § 2725 militates in favor of applying the four-year limitations period in this case to promote uniformity and consistency.

Other jurisdictions that have addressed this question have favored applying the UCC limitations period to an action based on an open account related to the sale of goods. In particular, both parties cite *Moorman Mfg Co of California, Inc v Hall*, 113 Or App 30; 830 P2d 606 (1992). In that case, the court stated:

> Oregon courts have not had an occasion to decide which limitation applies to an account or an account stated claim involving an underlying sale of goods. Generally, when two statutes conflict, the more specific provision governs over the more general one. [Or Rev Stat (ORS)] 174.020. In this instance, ORS 12.080, the general provision, carves out a specific exception for actions based on the sale of goods,

shortening the time within which such actions may be brought. Other jurisdictions have held that the UCC limitation governs actions based on accounts that involve a sale of goods. In *Greer Limestone Co. v. Nestor*, 175 W.Va. 289, 332 S.E.2d 589 (1985), the West Virginia Supreme Court held that the "UCC Statute of Limitations supersedes any general statute of limitations with regard to transactions involving the sale of goods" and held that the UCC applies to an account stated claim relating to such transactions. *See also Sesow v. Swearingen*, 552 P.2d 705 (Okl.1976); *Ideal Builders Hardware Co. v. Cross Const. Co., Inc.*, 491 S.W.2d 228 (Tex.Civ.App.1972).

Plaintiff contends that, because an account stated is a separate contract, independent of the underlying sale of goods, the UCC limitation, although more specific, does not apply. We disagree. Although an account stated is based on a separate agreement between the parties, it relates to and cannot be divorced from the underlying sales transaction. *See Edwards v. Hoevet*, 185 Or. 284, 200 P.2d 955 (1949). The UCC drafters intended that one limitation apply to all transactions involving the sale of goods, regardless of the theory of liability asserted. To hold that the UCC limitation period does not apply to actions on account, despite the underlying sale of goods, would run counter to the drafters' purpose of providing consistency and predictability in commercial transactions. ORS 71.1020; *Community Bank v. Jones*, 278 Or. 647, 667, 566 P.2d 470 (1977). [*Moorman Mfg*, 113 Ore App at 32-33.]

Plaintiff relies on a partial dissenting opinion in *Moorman Mfg*, which reasoned that an account stated is an independent contract that ought not be governed by the UCC. *Id.* at 34 (Rossman, J., dissenting in part). Plaintiff argues that the dissenting opinion in *Moorman Mfg* is more consistent with "well established Michigan jurisprudence." As discussed previously, however, although Michigan jurisprudence recognizes that payment on an account stated or an open account may be treated as a new and distinct promise,

there is no established authority holding that an open account arising from the sale of goods is not subject to the UCC.

We are persuaded that the majority opinion in *Moorman Mfg* is consistent with this state's enactment of the UCC to govern transactions involving the sale of goods and the UCC's purpose of promoting uniformity among states with respect to transactions in goods, as well as this Court's decision in *Thompson*, 217 Mich App 581. Accordingly, the trial court did not err by concluding that this action was subject to the UCC's four-year limitations period in MCL 440.2725. Because it is undisputed that this action was filed more than four years after the date of defendant's last payment on the account, the trial court properly determined that defendant was entitled to summary disposition pursuant to MCR 2.116(C)(7).[2]

Affirmed.

METER, J., concurred with OWENS, P.J.

O'CONNELL, J. (*dissenting*). I respectfully dissent.

This appears to be a case of first impression in Michigan. The majority concludes that the payment on an open account that relates to the sale of goods is subject to the four-year limitations period in the Uniform Commercial Code (UCC), MCL 440.2725(1). I disagree with the majority, for two reasons. First, the current state of the law in Michigan requires a different conclusion. Second, the UCC does not abrogate common-law jurisprudence in Michigan concerning open accounts.

---

[2] In light of our decision, it is unnecessary to address plaintiff's claim that its action was timely filed within the six-year limitations period because its claim accrued on the date of defendant's last payment in May 2005.

I. CURRENT STATE OF THE LAW

The current state of the law in Michigan is as follows: Payment on an open account triggers a new obligation, separate and distinct from an underlying agreement. See, e.g., *Collateral Liquidation, Inc v Palm*, 296 Mich 702, 704; 296 NW 846 (1941), and *Bonga v Bloomer*, 14 Mich App 315, 319; 165 NW2d 487 (1968). The Revised Judicature Act provides a limitations period of six years for "actions to recover damages or sums due for breach of contract." MCL 600.5807(8). Until such time as the Supreme Court reverses these decisions, this Court is required to follow the decisions. *Paige v Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006).

II. THE UCC CANNOT IMPLICITLY ABROGATE
MICHIGAN'S OPEN-ACCOUNT JURISPRUDENCE

The majority concludes that the UCC *implicitly abrogates* Michigan's jurisprudence concerning open accounts.[1] I disagree. There exists no affirmative provision of the UCC or other Michigan legislation that exhibits a legislative intent to abrogate Michigan's jurisprudence concerning open accounts. More importantly, with respect to the repeal of statutes, our Supreme Court has rejected the notion of repeal by implication. In *Valentine v Redford Twp Supervisor*, 371 Mich 138, 144; 123 NW2d 227 (1963), the Court, quoting *People v Buckley*, 302 Mich 12, 22; 4 NW2d 448 (1942), stated:

"Repeal by implication is not permitted if it can be avoided by any reasonable construction of the statutes. *Couvelis* v. *Michigan Bell Telephone Co.*, 281 Mich 223 [274

---

[1] The majority also indicates that MCL 440.2725 conflicts with MCL 600.5807(8). *Ante* at 72. I find no conflict in these two statutes. Differing statutes of limitations do not a conflict make.

NW 771 (1937)]; *People* v. *Hanrahan*, 75 Mich 611 (4 LRA 751) [42 NW 1124 (1889)]. If by any reasonable construction 2 statutes can be reconciled and a purpose found to be served by each, both must stand, *Garfield Township* v. *A.B. Klise Lumber Co.*, 219 Mich 31 [188 NW 459 (1922)]; *Edwards* v. *Auditor General*, 161 Mich 639 [126 NW 853 (1910)]; *People* v. *Harrison*, 194 Mich 363 [160 NW 623 (1916)]. The duty of the courts is to reconcile statutes if possible and to enforce them, *Board of Control of the Michigan State Prison* v. *Auditor General*, 197 Mich 377 [163 NW 921 (1917)]. The courts will regard all statutes on the same general subject as part of 1 system and later statutes should be construed as supplementary to those preceding them, *Wayne County* v. *Auditor General*, 250 Mich 227 [229 NW 911 (1930)]. See, also, *Rathbun* v. *State of Michigan*, 284 Mich 521 [280 NW 35 (1938)]."

Section 1103 of Article 1 of the UCC expressly provides that, "[u]nless displaced by the particular provisions of this act, *the principles of law and equity . . . shall supplement its provisions.*" MCL 440.1103 (emphasis added).

There exists no language in UCC Article 2 that can be interpreted to abrogate Michigan's common-law jurisprudence concerning open accounts. To prevail in the present case, defendant is required to demonstrate that a particular provision of the UCC displaces plaintiff's claim for an open account. Defendant has not done so, and therefore plaintiff's cause of action is subject to the six-year period of limitations. See *Gen Motors, LLC v Comerica Bank*, unpublished opinion per curiam of the Court of Appeals, issued December 21, 2010 (Docket No. 291236), pp 4-6 (stating that the UCC did not displace the plaintiff's unjust-enrichment claim).

In *Moorman Mfg Co of California, Inc v Hall*, 113 Or App 30, 34; 830 P2d 606 (1992), Judge Rossman, in a partial dissent, explained the issue as follows:

The statement of an account, or an "account stated," is an agreement to pay a fixed amount that is due as a result of previous transactions in which a debtor-creditor relationship was created. *See EIMCO-BSP Ser. v. Valley Inland Pac. Constructors*, 626 F.2d 669, 671 (9th Cir. 1980). When the parties themselves agree upon a sum that the debtor owes and promises to pay to the creditor, that promise creates an *independent* contract between the parties; the new contract is enforceable in its own right, "even though the antecedent debt has been barred by [the] statute of limitations or has been discharged in bankruptcy." *Corbin on Contracts* § 1304, 237 (1962 & 1991 Supp.); *see also Meridianal Co. v. Moeck*, 121 Or. 133, 253 P. 525 (1927).

For the reasons stated above, I concur with Judge Rossman's astute analysis.

### III. CONCLUSION

While I conclude that the majority position is not unreasonable, I am constrained to follow the aforementioned Michigan Supreme Court decision. Because an open account triggers a new obligation, separate and distinct from an underlying agreement, the Revised Judicature Act provides a limitations period of six years for "actions to recover damages or sums due for breach of contract." MCL 600.5807(8).

I would reverse the decision of the trial court.