*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH AND ANITA RUSSELL TRUST, by
Acting Trustee JONI WHITE,

      Plaintiff-Appellant,

V

JOSHUA J. RUSSELL and KELLY M. RUSSELL,

      Defendants-Appellees.

FOR PUBLICATION
July 22, 2021
9:00 a.m.

No. 354511
Eaton Circuit Court
LC No. 20-000184-CK

Before: HOOD, P.J., and MARKEY and GLEICHER, JJ.

MARKEY, J.

In this action seeking immediate payment in full with respect to a promissory note and an oral loan agreement, plaintiff Joni White, acting by power of attorney as trustee of the Joseph and Anita Russell Trust, appeals by right the trial court's order granting summary disposition in favor of defendants Joshua and Kelly Russell under MCR 2.116(C)(10). Defendants were the obligors under the promissory note and oral loan agreement, and, under the terms of the two loans, they were repayable in monthly installments. Defendants had been making monthly installment payments on the loans for several years, occasionally missing a payment. Plaintiff argues that the trial court erred when it ruled that the promissory note and oral loan agreement were not payable on demand. We disagree and affirm.

Defendant Joshua Russell, who is married to defendant Kelly Russell, is a grandson of Joseph and Anita Russell, the two of whom created the trust. Plaintiff is a daughter of Joseph and Anita and is Joshua's aunt. In 2013, Joseph and Anita deeded property to defendants so they could build a home. Joseph and Anita also loaned money to defendants to cover the costs of building the home. On May 7, 2015, defendants executed a promissory note associated with the 2013 transactions. The promissory note provided as follows:

> The undersigned hereby promise to pay to the order of Joseph L. Russell and Anita J. Russell, as Trustees of the Joseph L. Russell and Anita J. Russell Trust dated November 3, 1997, of . . . Olivet, Michigan 49076, the sum of $88,878.91 as follows: $500.00, or more, each and every month commencing 30 days from the

date hereof, including interest on the unpaid balance at the rate of three (3%) percent per annum.

If any payment hereunder shall remain unpaid for more than 60 days, the promisees may declare the entire unpaid balance due and payable forthwith and pursue any available remedies.

Defendants made the required monthly payments on the promissory note, except with respect to those payments due during the timeframe of December 25, 2018, through March 2, 2019. Documentary evidence reflects that defendants made a $500 cash payment to Joseph and Anita on December 24, 2018. A couple of months earlier, in October 2018, Anita had granted plaintiff durable power of attorney.[1] According to an affidavit executed by Joshua, there was to be a transition from making payments to Joseph and Anita to making payments to plaintiff. Joshua averred that defendants had contacted plaintiff, asking her where and how payments should be delivered to her, but, initially, plaintiff did not respond. Joshua claimed that plaintiff's failure to respond in a timely fashion caused the lapse in the monthly payments. Joshua further asserted that once plaintiff responded, payments were resumed, with a $1,500 payment being made to plaintiff on March 3, 2019, to make up for the missed payments. Defendants then made the required monthly payments on the promissory note through January 29, 2020, at which time the balance on the note was $66,865.51. Plaintiff's lawsuit was filed on February 18, 2020.

With respect to the oral loan agreement, on November 2, 2015, Joseph and Anita deeded 77 acres of farm property to defendants. And Joshua averred in his affidavit that, in exchange for the farm property, he and his wife "agreed to pay Joseph and Anita $172,000 in monthly installments of $500 at 0% interest." Defendants submitted copies of receipts showing that $500 monthly payments were made to Joseph and Anita starting on January 16, 2016, and ending on December 26, 2018. But the receipts did reveal that during this timeframe there were occasional months where payment was not made. By our count, 25 monthly payments of $500 were made to Joseph and Anita during this period. Similar to what had occurred with regard to the promissory note, there were no payments made under the oral loan agreement in January and February 2019, but in March 2019, defendants made two $500 payments to plaintiff. For the remainder of 2019 and January 2020, defendants made all of the monthly $500 payments, plus one extra $500 payment.[2] The balance on the oral loan agreement after the January 2020 payment was $152,000, and the suit was filed the following month.

In October 2019, about seven months after plaintiff had started accepting payments from defendants on the two loans, plaintiff's attorney sent a demand letter to defendants, asserting that the promissory note and the oral loan agreement were payable on demand and insisting on full payment of the two loan balances by November 15, 2019. Plaintiff did give defendants the option

---

[1] We note that Joseph passed away on January 25, 2019.

[2] In October 2019, plaintiff, acting under the durable power of attorney, assigned the oral loan agreement to the trust. In an October 2019 letter by plaintiff's attorney to defendants, counsel stated, "The Trust and Power of Attorney provide that [plaintiff] can serve as Trustee of the Trust under the Power of Attorney."

of executing a new promissory note covering the balances on both loans, with a seven percent annual interest rate amortized over 15 years and secured by a mortgage on the 77-acre farm property that had been deeded to defendants by Joseph and Anita. In November 2019, defendants' counsel responded, stating as follows: "It seems clear to me that all parties have agreed and acquiesced over a substantial period of time that the Promissory Note and the oral loan agreement were installment arrangements, with no indicia of being treated as a 'payment on demand.' " Defendants refused to pay the full balances on the two loans, rejected the option of executing a new promissory note and accompanying mortgage, and indicated their intent to continue making the monthly payments on the loans.

Plaintiff subsequently commenced the instant action against defendants in February 2020, seeking full payment on the promissory note and oral loan agreement, along with attorney fees, costs, and interest. Defendants moved for summary disposition under MCR 2.116(C)(10), arguing that the two loans were not payable on demand. The trial court concluded as a matter of law that the promissory note was not payable on demand, ruling from the bench:[3]

> I don't have an issue about the (C)(10) motion as it relates to the Promissory Note. As it relates to the Promissory Note, the Court finds that based on the case law and authority cited by the parties, I do not find that the Promissory Note is payable on demand. I find the Note is clear and unambiguous that the agreement was an installment contract where the payments were due at the end of each month. The Note is also clear that the note was only to be payable on demand if payment was late by more than 60 days. Plaintiff has failed to cite any authority to support her position that the Note is payable upon demand if it does not include a final payment date. I would note that the authority Plaintiff cited is not binding in Michigan.

> Based on the writing of the Note it is clear that the parties contemplated and intended under what circumstances the Note could be payable upon demand. Plaintiff claims Defendant has not consistently paid on the Promissory Note but based on the records, the only instance where the Defendant was late on a payment by more than 60 days was from November of 2018 to March of 2019. Joseph Russell passed away in January of 2019, so his death may explain some of the late payments. In March of 2019, it appears that Defendant made several payments to make the account current. Plaintiff accepted the payments as opposed to requested payment in full as she may have had the right to do so under the Promissory Note. For these reasons, I believe the Defendant motion for summary disposition should be granted as it relates to the Promissory Note.

The trial court also concluded that plaintiff's claim regarding the oral loan agreement should be summarily dismissed. The court noted that the receipts showed that defendants paid $500 without interest and that the payments were generally made once a month. The trial court

---

[3] We note that the trial court mistakenly referred to "defendant" instead of "defendants."

also addressed an argument posed by plaintiff that defendants had not made consistent payments over the years, ruling:

> I understand that Plaintiff says Defendant hasn't been consistent with their payments; however, since the property was conveyed there have been five time periods where no payments were made, which was June to October, 2016, November to March, 2017, April to June, 2017, and November, 2018 to January 2018 and then December '18 to March of '19. However, there were also occasions where extra payments were made. None of these instances occurred after Plaintiff took over receiving payments. So, to the extent Plaintiff wants to claim the inconsistent payments are a basis to demand them now, I find that she's estopped from doing so.

In an order entered on July 28, 2020, the trial court granted defendants' motion for summary disposition under MCR 2.116(C)(10).[4] Plaintiff now appeals.

On appeal, plaintiff argues that the trial court erred by ruling that the promissory note and the oral loan agreement were not payable on demand. This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). Additionally, this Court reviews de novo issues concerning the proper interpretation of a contract and the legal effect or application of a contract. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). And we likewise review de novo issues of statutory construction. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).[5]

---

[4] The court also rejected an argument by defendants that summary disposition was proper under MCR 2.116(C)(5) (lack of legal capacity to sue), along with denying plaintiff's request to file an amended complaint.

[5] MCR 2.116(C)(10) provides that summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for a party's action. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "Affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted in the motion are required . . . when judgment is sought based on subrule (C)(10)," MCR 2.116(G)(3)(b), and such evidence, along with the pleadings, must be considered by the court when ruling on the (C)(10) motion, MCR 2.116(G)(5). "When a motion under subrule (C)(10) is made and supported . . ., an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact." *Pioneer State*, 301 Mich App at 377. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon

A promissory note constitutes a written contract. *Collateral Liquidation, Inc v Renshaw*, 301 Mich 437, 443; 3 NW2d 834 (1942). In *Highfield Beach at Lake Mich v Sanderson*, 331 Mich App 636, 654; 954 NW2d 231 (2020), this Court set forth the basic principles of contract construction, explaining:

> The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties; to this rule all others are subordinate. In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument. Unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written. If the language of a contract is ambiguous, testimony may be taken to explain the ambiguity. [Quotation marks, citations, and brackets omitted.]

We "must . . . give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). "It is a well-established rule that in the construction of a note the intention of the parties is to control if it can be legally ascertained by a study of the entire contents of the instrument with no part excluded from consideration[.]" *Collateral Liquidation*, 301 Mich at 442 (quotation marks and citation omitted).

"When interpreting a statute, the primary rule of construction is to discern and give effect to the Legislature's intent, the most reliable indicator of which is the clear and unambiguous language of the statute." *Perkovic v Zurich American Ins Co*, 500 Mich 44, 49; 893 NW2d 322 (2017). The language of a statute must be enforced as written, "giving effect to every word, phrase, and clause." *Id.* Additional judicial construction is only permitted when statutory language is ambiguous. *Wayne Co v AFSCME Local 3317*, 325 Mich App 614, 634; 928 NW2d 709 (2018). When determining the Legislature's intent, statutory provisions are not to be read in isolation; rather, they must be read in context and as a whole. *In re Erwin Estate*, 503 Mich 1, 6; 921 NW2d 308 (2018).

---

which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). *Pioneer State*, 301 Mich App at 377. "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994). A court may only consider substantively admissible evidence actually proffered by the parties when ruling on the motion. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999); see also MCR 2.116(G)(6).

The parties and the trial court agreed that the promissory note is governed by the Uniform Commercial Code–Negotiable Instruments, MCL 440.3101 *et seq.* MCL 440.3108 provides, in pertinent part:

> (1) A promise or order is "payable on demand" if it:
>
> (a) States that it is payable on demand or at sight, or otherwise indicates that it is payable at the will of the holder.
>
> (b) Does not state *any time* of payment. [Emphasis added.]

In *Bonga v Bloomer*, 14 Mich App 315, 318; 165 NW2d 487 (1968), this Court addressed the language in 1948 CL 439.9, which was a predecessor statute to MCL 440.3108, and which provided that a note was payable on demand if " 'no time for payment [was] expressed.' " The *Bonga* panel affirmed the trial court's ruling that the promissory note in dispute had to be construed as payable on demand, reasoning as follows:

> The promissory note in question was at best a poorly drawn document. *The note states no time for payment in that it does not specify whether the payments are to be daily, weekly, yearly, etc.* The note specifies no due date. The note does not provide for regular payments. Possibly if monthly payments had been made and accepted, these acts could have been construed as an interpretation by the parties as was the case of *Collateral Liquidation . . . .* In the case at bar, there were no regular payments and therefore there is no basis for such construction. [*Bonga*, 14 Mich App at 318 (emphasis added).]

In *Collateral Liquidation*, the Michigan Supreme Court addressed two promissory notes that contained promises to pay "on demand after date," but which also provided for monthly payments on the notes and acceleration of the debts upon default. *Collateral Liquidation*, 301 Mich at 439-440. Our Supreme Court, reversing the trial court's ruling that the notes were payable on demand, held:

> In construing the notes in the case at bar, all of their provisions must be given effect and the construction placed upon them by the interested parties must be taken into consideration. The notes contain an acceleration provision which is optional with the holder of the note. The notation in the notes that certain sums are to be paid monthly followed by partial payments on the notes is a strong indication as to the manner in which the notes were to be paid. In our opinion the notes were intended to be and are installment notes[.] [*Id.* at 444.]

In this case, plaintiff contends that the promissory note does not state any time of payment; therefore, it is payable on demand under MCL 440.3108(1)(b). We conclude that this argument lacks merit. The promissory note does state a time of payment—"each and every month commencing 30 days from the date hereof[.]" Plaintiff's arguments to the contrary ignore the plain and unambiguous language of MCL 440.3108(1)(b) and the promissory note. Furthermore, the promissory note provides that "[i]f any payment hereunder shall remain unpaid for more than 60 days, the promisees may declare the entire unpaid balance due and payable forthwith and pursue

any available remedies." If we were to construe the promissory note as payable on demand, this provision would be rendered surplusage and nugatory, *Klapp*, 468 Mich at 468, because it would be entirely unnecessary. The 60-day default clause confirms that the promissory note is not payable on demand. We also note that plaintiff accepted multiple payments from defendants and did not invoke the default clause after defendants failed to make payments on the promissory note for over two months at the beginning of 2019. Plaintiff, therefore, could not later demand full payment of the note due to any alleged default.[6]

Plaintiff argues that the promissory note is payable on demand because it "does not indicate on its face a specific date when the final payment is due." This argument adds language to MCL 440.3108(1)(b) that does not exist. Again, MCL 440.3108(1)(b) simply provides that a note is payable on demand if it "[d]oes not state any time of payment." This statutory provision does not allude to notes that lack a specific date for final payment on their face. The promissory note's express requirement of $500 monthly payments starting 30 days after execution suffices as a "time of payment." See *Bonga*, 14 Mich App at 318 ("The note states no time for payment in that it does not specify whether the payments are to be daily, weekly, yearly, etc."). Flawed for the very same reason is plaintiff's additional argument that the promissory note failed to include an amortization schedule. This argument is inconsistent with the plain and unambiguous language of MCL 440.3108(1)(b).

With respect to plaintiff's argument that there must be certainty in regard to the actual date of final payment, she relies on an unpublished opinion by this Court and our Supreme Court's decision in *First Nat'l Bank of Port Huron v Carson*, 60 Mich 432; 27 NW 589 (1886), which was cited in the unpublished opinion. The *Carson* Court simply ruled:

> The first question presented of information is as to the true character of the instrument sued upon. I do not think the contract is a negotiable promissory note. A promissory note must be certain as to the sum to be paid, and the time of payment. In this case the sum is sufficiently certain, but the time of payment is not. It is made dependent, until the contract matures, upon the fact of whether the defendant shall sell or remove the property for which the contract was made. Such a degree of uncertainty is not allowable in a promissory note. The instruments, however, not being notes, may, if valid, be proved as contracts[.] [*Id.* at 436-437 (citations omitted).]

We first note that there is no contention in the instant case that the promissory note is not a promissory note; the dispute concerns whether it is payable on demand, and plaintiff appears at times to lose sight of that fact. Furthermore, the Supreme Court in *Carson* did not state that a promissory note must contain the actual date of final payment; rather, the Court merely indicated

---

[6] We also note that Joshua's affidavit indicated that the missed payments were plaintiff's fault. And plaintiff does not even argue on appeal that the note is payable on demand due to the two months of missed payments in 2019.

that a note must be certain as to the "time of payment." We have that certainty in this case given the language in the promissory note calling for monthly payments of $500 or more.

Plaintiff's reliance on *Davis v Dennis*, 448 SW2d 495 (Tex App, 1969), which addressed language comparable to that in MCL 440.3108(1), is also misplaced. The promissory note in *Davis* provided for 78 installment payments of $38.46, but, although interest was payable bi-weekly, there was no "fixed time of payment of any installment," which led the court to conclude that the note was payable on demand. *Id.* at 497-498. Here, the promissory note requires payments in monthly installments.

MCL 440.3108(2) provides:

A promise or order is "payable at a definite time" if it is payable on elapse of a definite period of time after sight or acceptance or at a fixed date or dates or at a time or times readily ascertainable at the time the promise or order is issued, subject to rights of:

(a) Prepayment.

(b) Acceleration.

(c) Extension at the option of the holder.

(d) Extension to a further definite time at the option of the maker or acceptor or automatically upon or after a specified act or event.

The parties argue with respect to whether the promissory note is payable at a definite time. Plaintiff contends that a final payment date on the note cannot be ascertained because of certain variables, e.g., defendants' option to pay more than $500 per month. In general, a "negotiable instrument" must be "payable on demand or at a definite time." MCL 440.3104(1)(b). When MCL 440.3104(1)(b) is considered in conjunction with MCL 440.3108(1), it would appear that the reference to notes that do "not state any time of payment," MCL 440.3108(1)(b), means notes that are not payable at a definite time. Otherwise, if a note is neither payable on demand or payable at a definite time, it is not a negotiable instrument and MCL 440.3108(1) would not even be implicated. We conclude that the promissory note at issue is payable at a definite time. In light of the language in the note requiring monthly payments of at least $500 commencing 30 days from the date of execution of the note, with 3% interest per annum, the promissory note is payable at a time that is *readily ascertainable*, MCL 440.3108(2). The fact that defendants could and can pay more than $500 per month effectively falls into the "[p]repayment" exception. MCL 440.3108(2)(a).

Additionally, assuming that the promissory note is not a negotiable instrument and that MCL 440.3108 is thus not implicated in this case, basic contract principles would nonetheless apply and dictate that the promissory note is not payable on demand and is instead payable in installments under the plain and unambiguous language of the note. In sum, the trial court did not err in ruling as a matter of law that the promissory note is not payable on demand.

With respect to the oral loan agreement, plaintiff maintains that there was no agreement in regard to when the loan was due, that oral loan agreements must be paid in full within a reasonable time following demand when there is no set time for repayment, and that defendants' own evidence revealed that a number of payments were missed. In support, plaintiff cites a concurring opinion by JUSTICE YOUNG in *Jackson v Estate of Green*, 484 Mich 209, 217; 771 NW2d 675 (2009), in which he stated that "[a]s a general matter, because no terms of repayment were specified in the contracts, the oral loan agreements could not have been breached until payment was demanded and the demand was rebuffed."

As noted earlier, Joshua averred in his affidavit that, in exchange for the farm property, he and his wife orally "agreed to pay Joseph and Anita $172,000 in monthly installments of $500 at 0% interest." Accordingly, there were oral terms of and a set time for repayment. And determining when final payment is due on the loan is easy to ascertain. Most importantly, there is no indication whatsoever that the oral loan agreement encompassed an understanding that the loan was payable on demand, and the transactional history further supports the conclusion that an installment loan agreement was in place. With regard to the missed payments, the trial court noted that none of those instances occurred after plaintiff took over receiving payments and that plaintiff was estopped from now claiming that the missed payments could serve as a basis to demand payment in full. Plaintiff does not challenge the court's conclusion that she was estopped from demanding full payment on the basis of the missed payments; therefore, relief on the matter is not warranted. See *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015) ("When an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant.").

We affirm. Having fully prevailed on appeal, defendants may tax costs under MCR 7.219.


/s/ Jane E. Markey
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher